UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:02-CV-1204-ORL-19JGG

ACCESS 4 ALL, INC., A Florida not for
profit corporation, and DOUG WILDER,
Individually,

     Plaintiff(s),

vs.

STEVEN J. WOLK, Individually;
STEPHEN WOLK as Trustee under Stephen
Wolk Living Trust Dated the 18th day of July,
1996; and HELEN J. WOLK, as Trustee under
the Helen J. Wolk living Trust dated the 18th
of July, 1996.

     Defendants.
_____/

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

  The Plaintiffs, ACCESS 4 All, INC., a Florida not-for profit corporation, and DOUG WILDER, Individually (hereinafter collectively "Plaintiffs"), pursuant to the provisions of Rule 3.01(b) of the Local Rules of the United States District Court for the Middle District of Florida, as well as the provisions of Rule 12(b) of the Federal Rules of Civil Procedure, files the following Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

  The Defendants, STEVEN J. WOLK, Individually; STEVEN WOLK as Trustee under the Stephen Wolk Living Trust dated the 18th day of July 1996; and HELEN J. WOLK, as Trustee under the Helen J. Wolk Living Trust dated the 18th day of July, 1996, raise two separate arguments asserting that the Complaint filed by the Plaintiffs, for relief pursuant to the provisions of Title III

of the Americans with Disability Act, 42 U.S.C. §12182 et seq (ADA) is defective. First, the Defendants contend that Plaintiffs failed to state a claim upon which relief can be granted. Second, the Defendants argue that Plaintiffs failed to join all necessary and indispensable parties to the suit. As will be demonstrated, these arguments are without merit. The Court should deny the Defendants, STEVEN J. WOLK, Individually; STEPHEN WOLK as Trustee under the Stephen Wolk Living Trust Dated the 18th day of July, 1996; and Helen J. Wolk Living Trust dated the 18th day of July 1996, Motion to Dismiss and direct filing of an Answer or Affirmative Defenses, if any.

## MEMORANDUM OF LAW

**I. Access 4 All Inc., and Doug Wilder, Individually, have stated a claim upon which relief can be granted.**

The Plaintiffs have brought suit against the Defendants, STEVEN J. WOLK, Individually; STEPHEN WOLK as Trustee under the Stephen Wolk Living Trust Dated the 18th day of July, 1996; and HELEN J. WOLK, as Trustee under the Helen J. Wolk Living Trust dated the 18th day of July, 1996, pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.*, seeking declarative and injunctive relief based upon allegations that the Plaintiffs have been discriminated against by the Defendants due to the Defendants' failure to adhere to Title III of the Americans With Disabilities Act ("ADA") in making the place of public accommodation operated by the Defendants accessible to individuals with a disability.

The Defendants, STEVEN WOLK as Trustee under the Stephen Wolk Living Trust Dated the 18th day of July, 1996; and HELEN J. WOLK, as Trustee under the Helen J. Wolk Living Trust, the alleged owners and operators of a place of public accommodation assert in its Motion to Dismiss, that Plaintiffs have failed to state a claim upon which relief can be granted.

Before addressing the specifics of the claim issue, it is apparent that a complaint should not be dismissed unless it appears beyond a doubt that the Plaintiff can prove no set of facts that would entitle him to relief. Conly v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a Motion to Dismiss, a Court is required to view the complaint in light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974). Dismissal is only appropriate when it is clear to the Court that no set of facts would conclusively support the allegations asserted in the complaint. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 250 (1989).

In order to state a claim under ADA a Plaintiff must allege that he "1) has a disability; 2) is a qualified individual; and 3) was unlawfully subject to discrimination because of [his] disability."Stewart v. Happy Herman's Chesire Bridge, Inc., 117 F.3d. 1278, 1285 (11th Cir. 1997).

The irreducible constitutional minimum necessary to make a justiciable case or controversy under Article III, §2 requires there elements:

    a.    Injury in fact to the Plaintiff;

    b.    Causation of that injury by the Defendant's complained-of-conduct; and

    c.    A likelihood that the request for relief addresses that injury. See Generally Lujan v. Defenders of Wild Life, 504 U.S. 555, 560 (1992).

Based upon the requirements of Lujan, the complaint does in fact allege an injury in fact. In paragraphs 6, 7, 8, 9, 10 and 11 of the First Complaint it is stated that:

    a.    Plaintiff, Doug Wilder, is a Florida resident, is sui juris and qualifies as a individual with disabilities as defined by the ADA. Doug Wilder has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff has encountered architectural barriers

at the subject property. Plaintiff is also a member of the Plaintiff organization, Access 4 All, Inc. Doug Wilder suffers from Quadriplegia, which renders him unable to ambulate without a wheelchair.

      b.     Access 4 All, Inc. and Doug Wilder have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described...;

      c.     Doug Wilder desires to visit the Defendants' property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination; lastly

      d.     Defendants, own; or lease; or lease to; or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.

Therefore, the Plaintiff Wilder has stated a claim since he alleges injury in fact, causation of the injury by the Defendants' conduct, and the certainty the relief requested will address the injury. Additionally, Plaintiff Access 4 All, Inc. as an associational Plaintiff has standing since (1) its members, including the individual named plaintiff member Doug Wilder, have standing to sue in their own right; Access' asserted claim and requested relief is germane to its purpose of redressing its members injuries; and (3) this suit does not require the individual participation of the organization's members. The United States Supreme Court has held that associations have standing to sue to redress injuries suffered by its members without showing of actual injury. Int'l Union, UAW v. Brock, 477 U.S. 274, 281 (1986) (holding that an association has standing both

to seek redress for injury to itself and vindicate harm to its members); See also Stincer 175 F.2d 879 at 882.

It has been held that an alleged violation of the ADA is an injury sufficient to give rise to an Article III case or controversy. Aikins v. St. Helena Hospital, 843 F. Supp. 1329, 1334 (N.D. Cal. 1994). As stated, the individual Plaintiff alleges that he has been denied the equal use and enjoyment of the Defendants' place of public accommodation. There is no doubt that the injury complained of, the discrimination and the denial of equal use and enjoyment of the place of public accommodation, is an ADA violation. Finally, the injury will be redressed by a favorable decision because the removal of barriers to access will permit the equal use and enjoyment of the property. See generally, Atakpa v. Perimeter Ob/Gyn Associates, 912 F. Supp. 1566, 1573 (N.D. Ga. 1994).

If a place of public accommodation fails to remove architectural barriers, the enforcement provisions of the ADA provides a private right of action. 42 U.S.C. § 12188(a)(1). A private action under Title III is available to any person who is "being subjected to discrimination on the basis of disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination . . . ."[1] 42 U.S.C. § 12188(a)(1). The ADA does not require "a person with a disability to engage in a futile gesture if such [a] person has actual notice that a person or organization . . . does not intend to comply" with the ADA. *Id.*

Title III incorporates the remedies and procedures of Title II of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12188(a)(1). The court may order injunctive relief which includes an order to

---

[1] The ADA allows a person to sue on behalf of a disabled individual upon "reasonable grounds" that said disabled individual will be subjected to discrimination only if the violation is related to "new construction and alterations." See 42 U.S.C. § 12183.

make a facility "readily accessible." 42 U.S.C. § 12188(a)(2). Or, where appropriate, injunctive relief may include "requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods . . . ." *Id.*

"There is a private right of action for enforcement of [the ADA] regulations to require [private] entities to implement nondiscriminatory standards and proceed to make necessary modifications." *Schonfeld v. City of Carlsbad*, 978 F. Supp. 1329, 1997 WL 595310, *4 (S.D.Cal. 1997) (private right of action exists for enforcement of Title II regulations to require public entities to make modifications); *See* 42 U.S.C. § 12188 (private right of action exists for enforcement of Title III against private entities).

Title III of the ADA provides in pertinent part that "[n]o individual shall be discriminated against on the basis of disability[2] in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation..." 42 U.S.C. §12182(a). A 'public accommodation' is defined by the ADA as a "...shopping center, or other sales or retail establishment." 42 U.S.C. §12181(7).

In the instant claim, the subject property is a shopping mall. Therefore, the property is a public accommodation within the purview of the ADA and must be in full compliance with the provisions of the ADA. Clearly, architectural barriers to access on the subject property impede in the full and equal enjoyment of the Defendants' property by the Plaintiffs, disabled individuals. Therefore, these barriers discriminate against the Plaintiffs in violation of the ADA.

---

[2] The ADA defines 'disability' to mean, with respect to an individual: a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. §12102(2).

Liability for noncompliance with the ADA is imposed upon "any person who owns, leases (or leases to), or operates a place of public accommodation" that discriminates[3] against an individual on the basis of disability. 42 U.S.C. §12182.

## II. Motion to Dismiss should not be granted because Plaintiffs have not failed to join all necessary and indispensable parties.

Defendants' Motion to Dismiss for failure to join all necessary and indispensable parties is basically that it, as the owner of the property in question, cannot be held liable for the noncompliance of its tenants. However, the law states otherwise. Pursuant to the ADA, "[b]oth the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are ......subject to the requirement of" the ADA. 28 C.F.R. § 36.201(b). That section further states that "[a]s between the parties, allocation for responsibility for complying with the obligations of [the ADA] may be determined by lease or other contract." *Id.* However, this is not tantamount to allowing a party to escape liability for noncompliance with the ADA by way of lease or contract. In this case, Defendants are the owners and lessors of the property which is subject to the requirements of the ADA. Although the landlord and tenant may shift the burden as between themselves, the landlord may not contract away its responsibilities under the ADA. *Botosan v. Fitzhugh* 13 F. Supp 2d 1047, 1053-55 (S.D. Cal 1998).

---

[3] Discrimination includes the failure to remove 'architectural barriers' in existing facilities where such removal is 'readily achievable.' 42 U.S.C. §12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier is not readily achievable, discrimination also includes the failure to make such facilities available through alternative methods if such methods are readily achievable. 42 U.S.C. §12182(b)(2)(A)(v).

In addition to the above case, the Honorable Donald M. Middlebrooks, of the United States Southern District of Florida, granted Partial Summary Judgment on a similar issue in the case of *Access 4 All, Inc. and Lyle Walendy v. Republic Development of Connecticut, Inc.* Case No. 01-14063-CIV-MIDDLEBROOKS. In *Republic*, the Court held that the landlord and tenant may shift the burden as between themselves, but the landlord may not contract away its responsibilities under the ADA to the disabled Plaintiff (copy attached).

In the case at bar, the Defendants own/operate the subject property. Since the Defendants' property, as a place of public accommodation, contains numerous barriers to access for disabled individuals, it is in violation of the ADA. Therefore, liability for such ADA noncompliance on the Defendants' property must be imposed upon the Defendants.

In conclusion, the Defendants, as owners or operators of a place of public accommodation, is liable for noncompliance with the ADA and therefore, Defendants' motion to dismiss is unfounded.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Court should decline to dismiss this case for failure to state a claim and failure to join parties, and order Defendants to Answer the Complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiffs' Memorandum of Law was mailed on this 20 day of November, 2002 to: Thomas J. Leek, Esquire, Cobb & Cole, 150 Magnolia Avenue, Post Office Box 2491, Daytona Beach, Florida 32115-2491.

**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(305) 534-9894 - Fax

By: _____
Lawrence A. Fuller
Fla. Bar # 0180470

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-14063-CIV-MIDLEBROOKS

ACCESS 4 ALL, INC., a Florida
not-for-profit corporation, and
LYLE WALENDY, individually,

Plaintiffs,

v.

REPUBLIC DEVELOPMENT OF
CONNECTICUT, INC.,

Defendant.
_____/

FILED by _____ D.C.

OCT 1 9 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Plaintiffs' Motion for Partial Summary Judgment on Defendant's Eleventh Defense, filed September 19, 2001 (DE#19). On October 3, 2001, the defendant Republic Development of Connecticut ("Republic") filed its response, and the motion is accordingly ripe for review. The Court has reviewed the record and is fully advised in the premises.

Plaintiffs Access 4 All, Inc. and Lyle Walendy (collectively, "plaintiffs") filed this action against Republic for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). The complaint claims that, as a place of public accommodation, Republic's property must comply with the provisions of the ADA and that Republic has violated the ADA by failing to remove numerous barriers to access on the property. Republic filed its answer and affirmative defenses, and the parties have also recently submitted their joint scheduling report. This report contains a list of stipulated or uncontested facts, one of which is that Republic is the owner of the property which is the subject of this suit and leases space therein to others. In its answer and affirmative defenses, Republic lists as its eleventh affirmative defense that

> Defendant is not responsible for, nor has authority over the interiors of the subject properties which are leased to other third parties, not parties to this litigation, and therefore cannot be compelled to perform the actions sought by Plaintiffs in its [*sic*] Complaint, should Plaintiffs be successful in this action.

It is this affirmative defense upon which the plaintiffs move for partial summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Summary judgment may be entered only where there is *no* genuine issue of material fact. The moving party bears the burden of meeting this standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A party may move for partial summary judgment in order to eliminate an affirmative defense. *See, e.g., United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1284, 1244, 1244 (E.D. Cal. 1997); *Al-Site Corp. v. VSI Int'l, Inc.*, 902 F. Supp. 1551 (S.D. Fla. 1995).

Republic's eleventh affirmative defense is basically that it, as the owner of the property in question, cannot be held liable for the noncompliance of its tenants. However, the law states otherwise. Pursuant to the ADA, "[b]oth the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are ... subject to the requirements of" the ADA. 28 C.F.R. § 36.201(b). That section further states that "[a]s between the parties, allocation for responsibility for complying with the obligations of [the ADA] may be determined by lease or other contract." *Id.* However, this is not tantamount to allowing a party to escape liability for noncompliance with the ADA by way of lease or contract., as will be explained shortly. Here, in Republic's fourth affirmative defense, Republic "acknowledges that it owns the building and property which is the subject of this action ans that said property is leased to third parties." Further, in the Summary of Stipulated or Uncontested Fact section of the joint scheduling report, the parties state that "[t]he provisions of the [ADA] and certain of the Federal regulations enacting the [ADA] apply in this action." Therefore, the undisputed facts include that Republic is the owner and lessor of property which is subject to the requirements of the ADA.

Although the ADA allows parties to allocate the responsibilities of complying with the ADA as between *themselves*, this is not the case vis-à-vis third parties, such as people wishing to avail themselves of the public accommodations. Indeed, this is precisely how the Department of Justice

has interpreted section 36.2019(b) of the ADA's implementing regulations.[1] Although the landlord and tenant may shift the burden as between themselves, the landlord may *not* contract away its responsibilities under the ADA. Therefore, contrary to Republic's eleventh affirmative defense, it can in fact be held liable for its tenants' noncompliance with the ADA.[2] *See Botosan v. Fitzhugh*, 13 F. Supp.2d 1047, 1053-55 (S.D. Cal. 1998) (holding that landlord can be liable for ADA violations even though contract gave tenant the responsibility for compliance).

Therefore, because there are no genuine issues of material fact relevant to this analysis, and the plaintiffs are entitled to judgment as a matter of law on Republic's eleventh affirmative defense, it is hereby

ORDERED AND ADJUDGED that plaintiffs' Motion for Partial Summary Judgment on Defendant's Eleventh Defense is GRANTED.

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this ___ day of October 2001.

---

[1] The Department of Justice has given the following example of its interpretation of this section.

> ... ABC Company leases space in a shopping center it owns to XYZ Boutique. In their lease, the parties have allocated to XYZ Boutique the responsibility for complying with the barrier removal requirements of [the ADA] within that store. In this situation, if XYZ Boutique fails to remove barriers, both ABC Company (the landlord) and XYZ Boutique (the tenant) would be liable for violating the ADA and could be sued by an XYZ customer. Of course, in the lease, ABC could require XYZ to indemnify it against all losses caused by XYZ's failure to comply with its obligations under the lease, but again, such matters would be between the parties and would not affect their liability under the ADA.

Office on the ADA, United States Department of Justice, *The Americans with Disabilities Act Title III Technical Assistance Manual* 3 (1992). This appears to be the exact situation in the case at bar.

[2] In its brief response, Republic asserts that there is a genuine issue of material fact, precluding summary judgment. Republic appears to be claiming that because the Court has before it no evidence of any contract between itself and the relevant tenants, the Court cannot rule on the relationship between them. However, this has the law backwards. The law is such that no matter *what* such a contract may contain, the landlord may still be held liable for a violation of the ADA, although the landlord may seek indemnity from the tenant, or perhaps bring the tenant into the action as a third-party defendant. Therefore, the fact that the Court does not have before it any such contract is immaterial to the present discussion.

                                                   DONALD M. MIDDLEBROOKS
                                                   UNITED STATES DISTRICT JUDGE

copies to counsel of record