FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION
CASE NO.: 6:02-cv-1204-Orl-19JGG

02 DEC 30  PM 2: 07

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ACCESS FOR AMERICA, INC., a Florida not-for-profit
corporation, and DOUG WILDER, individually,

       Plaintiffs,

v.

STEPHEN J. WOLK, individually, STEVEN WOLK as Trustee
under the Stephen Wolk Living Trust dated the 18th day of
July, 1996; and HELEN J. WOLK, as Trustee under the Helen J.
Wolk Living Trust dated the 18th day of July 1996,

       Defendants.

_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Rule 26(f)

of the Federal Rules of Civil Procedure, and Local Rule 3.05(c):

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| Mandatory Initial Disclosures (pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as amended effective December 1, 2000) [Court recommends no later than 30 days after CMR meeting] | | **January 19, 2003** |
| Certificate of Interested Persons and Corporate Disclosure Statement [Each party who has not previously filed must file immediately] | | **January 19, 2003** |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1-2 months after CMR meeting] | | **March 31, 2003** |
| Disclosure of Experts Reports [Court recommends last exchange 6 months before trial and 1-2 months before discovery deadline to allow expert depositions] | Plaintiffs: Defendants: | **September 30, 2003** **October 31, 2003** |
| Discovery Deadline [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | | **November 30, 2003** |



Case Management Report   Case No.: 6:02-cv-1204-Orl-19JGG
Access v. Wolk; FFA file # 3335

| | |
|---|---|
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court requires 4 months or more before trial term begins] | **December 31, 2003** |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] (Parties will be filing a Motion to Permit Meeting Telephonically.) | **February 19, 2004** |
| Joint Final Pretrial Statement   (*Including* A Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibits Lists with Objections on Approved Form) [Court recommends 6 weeks before Final Pretrial Conference] | **March 1, 2004** |
| All Other Motions Including Motions *In Limine*, Trial Briefs [Court recommends 3 weeks before Final Pretrial Conference] | **March 31, 2004** |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | **April 20, 2004** |
| Trial Term Begins [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **May 1, 2004** |
| Estimated Length of Trial [trial days] | 1 |
| Jury / Non-Jury | Non Jury |
| Mediation | |

| Mediation | | |
|---|---|---|
| | Deadline: | **December 1, 2003** |
| | Mediator: | Richard Wack |
| | Address: | 174 W. Comstock Ave., #106, Winter Park, FL  32789 |
| | Telephone: | (407) 740-6199 |
| [Absent arbitration, mediation is *mandatory*; Court recommends either 2-3 months after CMR meeting, or just after discovery deadline] | | |
| All parties Consent to Proceed Before Magistrate Judge | | Yes ___ No ___ ☐ |
| | | Likely to Agree in the Future ___ |

## I.   Meeting Parties in Person

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] lead Counsel must meet *in person* and

---

[1]A copy of the Local rule may be viewed at http://www.flmd.uscourts.gov

not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. It is hoped that this matter will be resolved without the need for protracted, or highly contested, litigation.  As a result, it would be unnecessary and wasteful of resources to require counsel to travel (round trip) for a meeting concerning issues which could be resolved in a telephonic conference between the parties.  The parties will file a Motion to Permit counsels to hold their meeting via telephone.

| **Name** | **Counsel for (if applicable)** |
|---|---|
| Lawrence A. Fuller, Esq. | For Plaintiffs |
| Steven J. Wolk, Esq. | For Defendants |

**II.    Pre-Discovery Initial Disclosures of Core Information**

      **A.    Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Local Rule 3.05(d) provides that these disclosures are mandatory in Track Two cases, and optional in other cases unless otherwise ordered by the Court.  Complete the following in all Track Two cases and, when applicable, in Track Three Cases:

The parties ____ have exchanged ☐ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

____ on ☐ by (check one)   May 31, 2003.

Below is a description of information disclosed or scheduled for disclosure.

**III.   Agreed Discovery Plan for Plaintiffs and Defendants**

      **A.    Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper – including emergency motion – is

subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___ ☐ Yes
____ No                     Amended Certificate will be filed by Plaintiffs and
                            Defendants on or before  (date).

**B.     Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03(f). The parties further agree as follows:

No other agreements at this time.

**C.     Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five Interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

**1.     Depositions**

**(a.)**   It is anticipated the Plaintiffs will depose the corporate representative(s) of the Defendants with the most knowledge regarding (1) ADA Complaint; (2) construction and improvements made to the Defendants' facility since 1992; (3) financial status of the Defendants; (4) Defendants' experts, if any; and (5) present barriers on subject property that are

in violation of the Americans with Disability Act.

(b.) Defendants intend to depose witnesses in accordance with the Federal Rules of Civil Procedure and the Local Rules, including but not limited to, Plaintiffs, expert witnesses, if any, designated by the Plaintiffs, and such other witnesses discovered in the course of the discovery process.

## 2.    Interrogatories

(a.) Plaintiffs will utilize Interrogatories to determine the identity of witnesses, the availability of documents, and the facts concerning ADA compliance. The initial Interrogatories will be served after filing the Case Management report, but in no event later than 33 days prior to any discovery cut-off agreed to by the parties or ordered by the Court.

(b.) Defendants will utilize Interrogatories to determine the identity of witnesses, the availability of documents, and the facts concerning ADA compliance. The initial Interrogatories will be served after filing the Case Management report, but in no event later than 33 days prior to any fact discovery cut-off agreed-to by the parties or ordered by the Court.

## 3.    Document Requests

(a.) Plaintiffs will seek inspection of the premises under Rule 34, including photographing with the Rule 34 premises inspection request.

(b.) Plaintiffs intend to use Requests for Production of documents necessary to determine ownership, control, and financial status of property. Plaintiffs will also seek documents pertaining to improvements made on property and other architectural changes. The initial Request for Production will be served in the manner authorized by the applicable rules at the appropriate time or times, but in no event later than 33 days prior to any fact discovery cut-off agreed-to by the parties or ordered by the Court.

## 4.    Requests to Admit

(a.) Plaintiffs plan on utilizing, and reserve the right to utilize, Requests for Admission to

authenticate documents and narrow issues of fact which remain for determination by the Court.

**(b.)** Defendants plan on utilizing, and reserve the right to utilize, Requests for Admission at the appropriate time, but in no event later than 33 days prior to any fact discovery cut-off agreed to by the parties or ordered by the Court.

### 5.    Supplementation of Discovery

N/A

### D.    Discovery Deadline --

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

The parties may supplement 30 days after the need for supplementation is known.

### E.    Disclosure of Expert Testimony –

On or before the dates set forth in the above table for disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

The parties may supplement 30 days after the need for supplementation is known.

### F.    Confidentiality Agreements –

Whether documents filed in this case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir.1992); *Wilson v.*

*American Motors Corp.*, 759 F.2d 1568 (11th Cir.1985). A party seeking to file a document under seal must file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local rule 4.15. Each confidentiality agreement or Order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an Order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties will entertain stipulation to the confidentiality of proprietary information. Plaintiffs are willing to work with Defendants on arriving at a mutually acceptable confidentiality agreement or the entry of a confidentiality Order wherein confidential or proprietary material exchanged between the parties would be treated as confidential. Defendants are to provide Plaintiffs with a proposed form of a confidentiality agreement to further the parties' efforts in this regard.

**G.    Other Matters Regarding Discovery –**

None.

## IV.    Settlement and Alternative Dispute Resolution

**A.    Settlement –**

The parties agree that settlement is

___ ☐ likely ___ unlikely                    (check one)

____ undetermined at this time.

The parties request a settlement conference before a United States Magistrate

Judge.

      \_\_\_\_ yes    \_\_\_\_ no   \_☐\_\_likely to request in future

**B.**    **Arbitration –**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

      \_\_\_\_ yes  \_☐\_\_ no

For cases not falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rule 8.02(a)(3) and 8.05(b):

      \_\_\_\_ yes  \_☐\_\_ no  \_\_\_\_\_ likely to agree in future

      _____Binding     _____ Non-Binding

In a civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

      \_☐\_\_ yes   \_\_\_\_ no   \_\_\_\_ likely to agree in future

**C.**    **Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.**    **Other Alternative Dispute Resolution –**

The other parties intend to pursue the following other methods of alternative dispute resolution:

None.


Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of
Unrepresented Parties.

_____
Lawrence A. Fuller, Esq
Florida Bar No.: 180470
Fuller, Fuller & Associates, P.A.
1111 Lincoln Road, Suite 802
Miami Beach, Florida 33139
Tel: (305) 538-6483
Fax: (305) 534-9894
Date: Dec 23, 2002


_____
Steven J. Wolk, Esq.
857 Dover Road
Maitland, FL 32751-3121
Florida Bar No.: 0231932
Tel: (407) 339-2933
Fax: (407) 332-1986
Date: DEC 20 2002