# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
## CASE NO. 6:02-CV-1204-ORL-19JGG

ACCESS 4 ALL, INC., A Florida not-for-
profit corporation, and DOUG WILDER,
individually,

        Plaintiffs,

vs.

STEVEN J. WOLK, individually;
STEPHEN WOLK as Trustee under the Stephen
Wolk Living Trust dated the 18th day of July, 1996;
and HELEN J. WOLK, as Trustee under
the Helen J. Wolk Living Trust dated the 18th
day of July, 1996.

        Defendants.

_____/



## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANTS TO PERMIT INSPECTION OF SUBJECT PREMISES
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, ACCESS 4 ALL, INC. and DOUG WILDER, by and through undersigned counsel,

file this Motion to Compel Defendants to Permit Inspection of Subject Premises, as requested in

Plaintiffs' Request of Entry Upon Land For Inspection and Other Purposes dated January 7, 2003,

filed under Rule 34 of the Federal Rules of Civil Procedure attached hereto as <u>Exhibit "A"</u>, and

pursuant to Local Rule 3.04(a) , and hereby move this Honorable Court for an Order compelling

Defendants to permit inspection of the subject premises, including all places of "public

accommodation," and as grounds therefor, would state:

        1.    The Defendants, STEVEN J. WOLK, individually; STEPHEN WOLK as Trustee

under the Stephen Wolk Living Trust dated the 18th day of July, 1996; and HELEN J. WOLK, as

Trustee under the Helen J. Wolk Living Trust dated the 18th day of July, 1996, own, operate, lease

or lease to International Corner Plaza, which includes a service station and shopping center and is

located at **6901-6935 Municipal Drive, Orlando, Florida**. (Colored photographs of the Defendant's

premises are attached to the Complaint.)

      2.      On January 7, 2003, Plaintiffs served their Entry Upon Land For Inspection and Other

Purposes, said inspection set for February 7, 2003 at 10:00 a.m., a copy of which is attached as

Exhibit A.

      3.      The inspection was canceled because of the Defendants' objections to inspection, the

Defendants arguing (1) that Owner-Defendants had no control over tenant spaces and could not

authorize inspection on their tenants' behalf and (2) that Plaintiffs thus could not inspect because

Plaintiffs had not joined Owner-Defendants' tenants in the lawsuit and said tenants were

indispensable parties to the lawsuit. Defendants sent undersigned counsel "Objection to Request for

Inspection of Property, Including Memorandum of Law in Support" (not shown in the Pacer docket),

a copy of which is attached as Exhibit B.

      4.      Plaintiffs must file this Motion to obtain the relief they seek herein.

      5.      This is an action for injunctive relief brought pursuant to 42 U.S.C. § 12182 and 28

C.F.R. § 36.201(a), which states:

> ... No individual shall be discriminated against, on the basis of such individual's
> disability, with regard to the full and equal enjoyment of goods, services, facilities,
> privileges and advantages of **any place** of **public accommodation** by any private
> entity, who **owns**, leases (or leases to) or operates a place of **public accommodation**.

(Emphasis added.)

6.    The subject premises are a service station and shopping center located at 6901-6935 Municipal Drive, Orlando, Florida, and are a place of public accommodation as defined by § 301(7) of the ADA.

7.    The Defendants, as owner, are the proper Defendants in this case with respect to the entire subject premises.

## MEMORANDUM OF LAW

**I.**     **Because the tenants are not indispensable and necessary parties, the Defendants may not refuse Plaintiffs' Rule 34 Request for Inspection on the basis that Plaintiffs have failed to join Defendants' tenants.**

Defendants maintain that both the tenant and landlord must be joined as parties in litigating Plaintiffs' claim under 42 U.S.C. §12182(a).   Rule 19 of the Federal Rule of Civil Procedure states that Joinder would be required, if in "the parties absence, complete relief cannot be accorded among those already parties."   Only when a Court finds that a party is one that should be joined, but cannot be joined, and as a result the litigation cannot go forward without the missing party, is the label 'indispensable' appropriate.   *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667 (11th Cir. 1982).   *See also*, *Access for America v. LTP Realty*, Case No. 2:01-CV-103-FtM-DNF (M.D. Fla. 2002).

**II**     **Because being either a tenant or landlord equals control and liability under the ADA, the Defendants may not refuse Plaintiffs' Rule 34 Request for Inspection on the basis that the Owner-Defendants have no control of tenant spaces.**

The law does not agree with Defendants' argument that in essence, the owner of a property cannot be held liable for tenants' non-ADA noncompliance.   Pursuant to the ADA, "both the

landlord who owns the building that houses a place of public accommodation and the tenant who

owns or operates the place of public accommodation are ......subject to the requirement of" the ADA.

28 C.F.R. § 36.201(b).  That section further states that "[a]s between the parties, allocation for

responsibility for complying with the obligations of [the ADA] may be determined by lease or other

contract." *Id.*  However, this is not tantamount to allowing a party to escape liability for

noncompliance with the ADA by way of lease or contract.  In this case, the Defendants are **the**

**owners and lessors of the property** which is subject to the requirements of the ADA.  Although

the landlord and tenant may shift the burden as between themselves, the landlord may not contract

away its responsibilities under the ADA.  *Botosan v. Fitzhugh* 13 F. Supp 2d 1047, 1053-55 (S.D.

Cal 1998).  In addition, *Botosan* states that neither the landlord nor a tenant may insulate themselves

from liability.  *Id.* at 1054.

In discussions with Plaintiffs, Defendants erroneously rely upon *Orthmann v. Apple River*

*Campground, Inc.*, 757 F.2d 909, at 913 (7th Cir. 1985) to support their argument that tenants are

indispensable parties because where liability is sought to be imposed on the owners of real property

rented to tenants on the basis of their ownership of that property, the linkage establishing the

property owners' liability for the harm alleged may be established not only by the Defendants'

ownership of that property, but also their control of the complained-of conditions.  First, *Orthmann*

is not an ADA case, but rather, a tort case where a quadriplegic filed **suit in tort against a village**

and several businesses for their alleged complicity in the diving accident that crippled the

quadriplegic. The Village did not own the property from which the quadriplegic dove, and the issue

in _Orthmann_ was whether a landowner has a duty to inspect his neighbors' land when such property

is an integral part of his.  The Court found that under tort law, if the landowner treats the neighbor's

property as an integral part of his, the lack of formal title is immaterial. Id. at 914.   In this case,

Plaintiffs are not seeking compensation or damages under tort law, but are seeking injunctive relief

for violations to the ADA due to structural barriers on the premises in violation of the ADA.  In

addition, Defendants **are** the owner of said property, a place of public accommodation that contains

numerous barriers in violation of the ADA.

        Partial Summary Judgment in favor of Plaintiffs on a similar issue was granted by the

Honorable Donald M. Middlebrooks, of the United States Southern District of Florida, in _Access 4_

_All, Inc. and Lyle Walendy v. Republic Development of Connecticut, Inc._ Case No. 01-14063-CIV-

MIDDLEBROOKS.(S.D.Fla. 2001) (A copy is attached.) In _Republic_, the Court held that the

landlord and tenant may shift the burden as between themselves, but the landlord may not contract

away its responsibilities under the ADA to the disabled Plaintiffs.  In addition, in the case _Smith v._

_Realty_, the Court held that a Defendant Owner may be "fully liable" under Title III notwithstanding

the fact that it leased the subject property to a non-party.   _Martin Smith vs. Realty Income_

_Corporation_, Case No. 8:01-CV-492-T-27TBM, (M.D. Fla 2001).  The Court held that Joinder of

the tenant is not required to provide complete relief to Plaintiffs.  The Court went on to hold that a

non-party tenant is not an indispensable party to the litigation.

        In the case at bar, the Defendants own/operate  the subject property.  The Defendants'

property is a place of public accommodation that contains numerous barriers to access for disabled

individuals and thus is in violation of the ADA. Therefore, liability for such ADA noncompliance

on the Defendants' property must be imposed upon the Defendants.

**III      Public spaces are subject to inspection as a matter of law.**

The case involved here is brought pursuant to Title III of the ADA, 42 U.S.C. 1482 (July 26,

1990), which prohibits discrimination against the disabled in places of public accommodation and

commercial facilities.  Title III of the Americans with Disabilities Act (ADA), 42 U.S.C.S. § 12101

et seq., provides that no individual shall be discriminated against on the basis of disability in the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations

of any place of public accommodation by any person who owns, leases, or operates a place of public

accommodation. 42 U.S.C.S. § 12182(a). Public accommodations are required to remove structural,

architectural and communication barriers of existing facilities, where such removal is readily

achievable.  42 U.S.C.S. § 12182(b)(2)(A)(iv).  When altering their facilities or portions thereof,

public accommodations and commercial facilities must make such alterations in a manner that "to

the maximum extent feasible" renders the altered portions readily-accessible to and usable by

individuals with disabilities. 42 U.S.C. § 12183(2).

Thus to prevail in a Title III ADA case, a party must demonstrate, in the case of existing

construction, that the changes necessary to comply with the ADA are readily-achievable, or in the

case of alterations, to establish that the alterations were not done in a manner as required by the Act.

42 U.S.C.S. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12183(2).

Here, the Plaintiffs have alleged discrimination on the part of the Defendants in a place of

public accommodation.  A necessary step for the Plaintiffs to prove their case, is for their experts to

perform a Rule 34 Inspection in order to inspect, measure, survey, photograph, test and sample the

Defendants' property, which includes those areas as set forth in Paragraphs 1 through 6 of the

Plaintiffs' Request of Entry Upon Land for Inspection and Other Purposes:

> 1. Any and all Parking Area(s) provided for use by the public,
>    customers and invitees;
>
> 2. Any and all Restrooms, which are provided for use by the
>    public, customers, and invitees;
>
> 3. Any and all entrances and Path(s) of Travel areas provided for
>    public use;
>
> 4. All access(es) to goods and services throughout the facility;
>    and
>
> 5. Any and all areas of the public accommodation, excepting
>    only work areas used exclusively by employees, which
>    include, but are not limited to, all tenant spaces in a shopping
>    center, all offices in an office building occupied by a public
>    accommodation, (as defined in 36 CFR Part 36 § 104), all
>    hotel rooms in a hotel, and all common areas of the public
>    accommodation; and
>
> 6. All other areas cited in paragraph 16 of the Complaint
>    as being in violation of the ADA.

As the Court stated in Advocates for the Disabled, Inc. and Peter Di Palma v. RLV

Corporation (Case No. 00-7552-CIV-FERGUSON/SNOW, USDC January, 2001, a copy of which

is attached hereto as Exhibit C), a Plaintiff has the right to perform an inspection of the Defendant's

premises as there is no harm in permitting inspection of the public areas of the premises, nor is there

a less onerous way to obtain discovery. See, Page 2 therein. Accordingly, the Court allows

discovery of the public areas of the property in order to document any ADA violations related to the

disability of the Plaintiff. See, Page 3.

In order to prove their case and satisfy Plaintiffs' burden of proof, a property inspection of

the public accommodations by Plaintiffs' experts is essential. Rule 34 inspections are a customary

part of discovery. As described in Rule 34(a) of the Federal Rules of Civil Procedure:

> Any party may serve on any other part a request ... to permit entry upon designated
> land or other property in the possession or control of the party upon whom the
> request is served for the purpose of inspection and measuring, surveying,
> photographing, testing or sampling the property or any designated object or operation
> thereon, within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a)

Rule 26(b) prescribes the scope of matters upon which a party may seek discovery: Parties may

obtain discovery regarding any matter, not privileged, which is relevant to the subject matter

involved in the pending action. The information sought need not be admissible at the trial if the

information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1)

In addition, the party seeking a protective order has the burden of persuasion to show good

cause for it. To establish good cause, that party must submit a particular and specific demonstration

of fact, as distinguished from stereotyped and conclusory statements. Fed. R. Civ. P. 26(c) Here,

the Defendant has presented no good cause to refused the requested inspection, and pursuant to Rule

26(c) of the Federal Rules of Civil Procedure, the Defendant must permit the requested inspection to take place. Id.

In conclusion, under the Americans With Disabilities Act, the Defendants, as owners or operators of a place of public accommodation, are liable for noncompliant premises. The Plaintiffs have alleged the Defendants' premises have ADA violations. The Plaintiffs have made a customary discovery request for a Rule 34 Inspection. This information sought is relevant to the subject matter involved in the pending litigation. The Defendant has presented no good basis to refuse to respond to the requested discovery. As shown above, pursuant to the Federal Rules of Civil Procedure, the Defendant must permit the requested inspection to take place.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order compelling the Defendants to permit a Rule 34 Inspection of the subject premises.

## <u>CERTIFICATE OF COUNSEL</u>

Plaintiffs' and Defendant's counsel have discussed the issue of inspection via telephone calls prior to the filing of this Motion, but the counsels were unsuccessful in resolving the matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiffs' Motion to Compel Inspection was

mailed on this 14th day of February, 2003 to:

Steven J. Wolk, Esq.
857 Dover Road
Maitland, FL 32751-3121
Tel: (407) 339-2933
Fax: (407) 332-1986

**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade; (305) 534-9894 - Fax

By: _____
Lawrence A. Fuller
Fla. Bar # 0180470

LAF:jl
W \WPDocs\A D A\#3300 through #3399 - OPEN ADA FILES\#3335-WOLK, STEPHEN TRUSTEE\M-Compel Inspection.wpd

ACCESS 4 ALL, INC., A Florida not-for-
profit corporation, and DOUG WILDER,
individually,

              Plaintiffs,

vs.

STEVEN J. WOLK, individually;
STEPHEN WOLK as Trustee under the Stephen
Wolk Living Trust dated the 18th day of July, 1996;
and HELEN J. WOLK, as Trustee under
the Helen J. Wolk Living Trust dated the 18th
day of July, 1996.

              Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION TO COMPEL
## DEFENDANTS TO PERMIT INSPECTION OF SUBJECT PREMISES
## AND INCORPORATED MEMORANDUM OF LAW

THIS CAUSE came before the Court on Plaintiffs' Motion to Compel Defendants to Permit Inspection of Subject Premises, and the Court having carefully considered the Motion, having reviewed the file, and being otherwise duly advised of the premises:

1.      Plaintiffs Motion to Compel Defendants to Permit Inspection of Subject Premises is hereby GRANTED.

2.      Defendants are ordered to furnish Plaintiffs' counsel with reasonable dates and times to do a site inspection and shall make their entire premises available for same, within 20 days of the date of this Order.

DONE AND ORDERED at _____, _____ County, Florida, this ___ of _____, 2003.

_____
United States District Judge

cc:    Lawrence A. Fuller, Esq.
       Steven J. Wolk, Esq.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:02-cv-1204-Orl-19JGG

ACCESS FOR AMERICA, INC., a Florida not-for-profit,
corporation, and DOUG WILDER, individually,

        Plaintiffs,

v.

STEPHEN J. WOLK, individually, STEVEN WOLK as Trustee
under the Stephen Wolk Living Trust dated the 18th day of
July, 1996; and HELEN J. WOLK, as Trustee under the Helen J.
Wolk Living Trust dated the 18th day of July 1996,

        Defendant.

_____/

## PLAINTIFFS' REQUEST OF ENTRY UPON LAND
## FOR INSPECTION AND OTHER PURPOSES

COME NOW Plaintiffs, by and through undersigned counsel, and pursuant to Rule 34 of the

Federal Rules of Civil Procedure, request entry upon the Defendant's property known as Shopping

Center and is located at 6901-6935 Municipal Drive, Orlando, Florida, for the purpose of inspecting

and measuring, surveying, photographing, testing or sampling the property within the scope of Rule

26(b). The area of inspection shall be the following:

1.      Any and all Parking Area(s) provided for use by the public, customers and invitees;

2.      Any and all Restrooms, which are provided for use by the public, customers, and invitees;

3.      Any and all entrances and Path(s) of Travel areas provided for public use;

4.      All access(es) to goods and services throughout the facility; and

5.      Any and all areas of the public accommodation, excepting only work areas used exclusively by employees, which include, but are not limited to, all tenant spaces in a shopping center, all offices in an office building occupied by a public accommodation, (as defined in 36 CFR Part 36 § 104), all hotel rooms in a hotel, and all common areas of the public accommodation; and



6.       All other areas cited in paragraph 16 of the Complaint as being in violation of the ADA.

The time for said entry shall be, **FRIDAY, FEBRUARY 7, 2003 @ 10:00 A.M.** and shall continue until Plaintiffs' inspection shall have been completed. In the event the inspection is not completed in one inspection, same shall be continued on a mutually agreeable time and date.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile(407)332-1986 on January 7, 2003, to:

Steven J. Wolk, Esq.
857 Dover Road
Maitland, FL 32751-3121

FULLER, FULLER & ASSOCIATES, P.A.
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305) 534-9894 - Fax

By:_____
      Lawrence A. Fuller, Esq.
      Florida Bar No.: 180470

cc: Gene Mattera (expert)

LAF:pmr
W:\WPDocs\A D A\#3300 through #3399 - OPEN ADA FILES\#3335-WOLK, STEPHEN TRUSTEE\INSPECTION.wpd

```
*****, ***********************************************************************
x                                                                           x
x                        TRANSACTION REPORT                        P.01     x
x                                                                           x
x                                            JAN-07-03 TUE 04:46 PM         x
x                                                                           x
x   DATE  START   RECEIVER          TX TIME  PAGES TYPE   NOTE        M#  DP x
x──────────────────────────────────────────────────────────────────────────
x  JAN-07 04:45 PM 101032114073321986   40"    2  SEND    OK        705 012 x
x──────────────────────────────────────────────────────────────────────────
x                                                                           x
x                                        TOTAL :      40S  PAGES:    2      x
x                                                                           x
***************************************************************************
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:02-cv-1204-Orl-19JGG

ACCESS FOR AMERICA, INC., a Florida not-for-profit,
corporation, and DOUG WILDER, individually,

        Plaintiffs.

v.

STEPHEN J. WOLK, individually, STEVEN WOLK as Trustee
under the Stephen Wolk Living Trust dated the 18th day of
July, 1996; and HELEN J. WOLK, as Trustee under the Helen J.
Wolk Living Trust dated the 18th day of July 1996,

        Defendant.

_____/

## PLAINTIFFS' REQUEST OF ENTRY UPON LAND
## FOR INSPECTION AND OTHER PURPOSES

COME NOW Plaintiffs, by and through undersigned counsel, and pursuant to Rule 34 of the

_____ of Civil Procedure, request entry upon the Defendant's property known as Shopping

RECEIVED

FEB 0 5 2003

BY: 3335 cn

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACCESS FOR AMERICA, INC., a )    Case No. 6:02-CV-1204-ORL-19JGG
Florida not for profit corporation, and )
DOUG WILDER, Individually, )
)
Plaintiffs, )    **OBJECTION TO REQUEST FOR**
)    **INSPECTION OF PROPERTY,**
vs. )    **INCLUDING MEMORANDUM OF LAW**
)    **IN SUPPORT**
STEVEN J. WOLK, Individually; )
STEPHEN WOLK as Trustee under the )
Stephen Wolk Living Trust Dated the 18th )
day of July, 1996; and HELEN J. WOLK, )
as Trustee under the Helen J. Wolk Living )
Trust dated the 18th day of July, 1996, )
)
Defendants. )
_____ )

Defendants in the above-captioned action object, pursuant to Rule 34 of the

Federal Rules of Civil Procedure and Rule 3.03 of the Local Rules of the United

States District Court for the Middle District of Florida, to the request for inspection of

the real property that is the subject of the within action (hereinafter, "the property")

served herein on or about January 6, 2003 (hereinafter, "the request"), and in

support of this objection show the court:

1. As shown by the complaint on file herein and the exhibits attached, the

property is a commercial property that is completely leased to several commercial

tenants.

2. Although the plaintiffs complain about conditions on the premises of, that

were constructed by, and that are in use by the lessees in the property, they have



improperly failed to join any of the lessees as defendants in this action. (*See* Memorandum of Law in Support of Motion to Dismiss served herein on November 20, 2003, incorporated herein by this reference; *Intern. Soc. for Krishna Con. v. N. Y. Port Auth.*, 425 F. Supp. 681 (S. D. N. Y. 1977); *Burger King Corporation v. American National Bank and Trust Company of Chicago*, 119 F.R.D. 672 (N. D. Ill. 1988)).

3.  Since, by virtue of their failure to have structured their action properly, the plaintiffs lack coercive power to effect their discovery requests as against the lessees, they have served the request only on the defendant owners of the property, and by it seek to force an inspection of the leaseholds of the lessees through them.

4.  Each of the leases of the defendants with the lessees in the property gives the lessees almost complete control of their premises, and allows the defendants as the lessors to enter the property leased to the lessees only in the case of emergencies (i.e., in the case of broken plumbing or fire) or to re-lease the property near the end of the lease terms, neither of which applies here. Defendants are therefore without power to effectuate the plaintiffs' discovery sought in the request, nor do defendants feel they should have to simply because the plaintiffs' have failed to join in this action the proper parties to accomplish the discovery ends that they seek.

5.  **Certificate of Good Faith Conference**. I hereby certify that I have discussed the within objection to the request with the attorney for the plaintiffs, Lawrence A. Fuller, on or about January 6, 2003, and that no agreement as to resolution of this objection could be reached between the parties.

- 2 -

DATED: February 1, 2003

## Certificate of Service

    I HEREBY CERTIFY that a true and correct copy of the foregoing OBJECTION TO REQUEST FOR INSPECTION OF PROPERTY, INCLUDING MEMORANDUM OF LAW IN SUPPORT has been furnished to LAWRENCE A. FULLER, ESQ., at Fuller, Fuller, Etc., 111 Lincoln Road, Suite 802, Miami Beach, FL 33139, by mail this 1ST day of February, 2003.

Respectfully submitted,

STEVEN J. WOLK, ESQ.
Florida Bar No. 0231932
857 Dover Road
Maitland, FL 32751-3121
Tel.: (407) 339-2933
Fax.: (407) 332-1986
Attorney for Plaintiffs

- 3 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 00-7552-Civ-Ferguson/Snow

ADVOCATES FOR THE DISABLED, INC.,
and PETER DI PALMA,

       Plaintiffs,

vs.

R.L.V. CORPORATION,

       Defendant.

_____/



FILED by   X   D.C.

JAN 1 7 2001

LAMENCE   ADA
CLERK U.S. DIST CT.
S. D. OF FLA. FT. AUD.

**ORDER**

      THIS CAUSE is before the Court on the Defendant's Motion for Protective order Concerning Plaintiff's Request to Inspect the Premises (Docket Entry 7), which was referred to United States Magistrate Judge Lurana S. Snow.

      Defendant R.V.L. Corporation seeks to prevent the plaintiffs from inspecting his business to identify elements at the premises, not alleged in the complaint, which do not comply with the requirements of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (hereinafter "ADA").

      The Court may issue a protective order upon a showing of good cause considering: " [1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." <u>In re Alexander Grant & Co.</u>





_Litigation_, 820 F.2d 352, 356 (11th Cir. 1987), quoting _Kleiner v._
_First National Bank of Atlanta_, 751 F.2d 1193, 1205 (11th Cir.
1985).

The defendant has not shown the severity of the perceived
harm in permitting inspection of the public areas of the premises,[1]
or that there is less onerous way to obtain discovery.  Instead,
the defendant asserts that the proposed discovery is prohibited by
federal law and by the Federal Rules of Civil Procedure.

The defendant argues that the plaintiff[2] is limited to
the alleged violations he experienced before filing the complaint
and has no standing to search for other alleged violations, if any
exist, which he did not experience during his original transaction
with the defendant.

The law does not require the plaintiff to document every
possible violation of the ADA before filing a complaint.  When a
person suffers an injury in fact at a business, he may pursue
correction of all conditions which affect a person with his

---

[1]  The defendant suggests that a warrant is required for the
inspection, citing _See v. City of Seattle_, 387 U.S. 541, 87 S.Ct.
1737 (1967.  However, _See_ in inapposite, since it deals with the
fire code inspection of a locked warehouse not open to the public.

[2]  For the purpose of this motion, the Court deems Mr. Peter
DiPalma to be the plaintiff.  Nothing in the complaint alleges that
the corporation, per se, suffered any injury on these premises.

2

disability; however, he may not pursue compliance for ADA violations which do no affect persons with his disability. <u>Steger v. Franco, Inc.</u>, 228 F.3d 889 (8th Cir. 2000). The Court will not prevent the plaintiff from engaging in discovery related to ADA violations which affect him personally.

The defendant also asserts that Fed.R.Civ.P. 26(b) prohibits unlimited inspection of any business premises, and prohibits discovery intended solely to develop new claims not already identified in the pleadings. <u>Advisory Notes</u>, Fed.R.Civ.P. 26(b)(1)(2000 amendment).

As noted above, the plaintiff may inspect the public parts of the premises, and may document any ADA violations related to his disabilities. These do not involve new claims within the meaning of the ADA. With the Court being fully advised it is hereby

ORDERED AND ADJUDGED that the motion for a protective is GRANTED to the extent that the plaintiff may not enter non-public portions of the premises, and may not document alleged violations of the ADA which do not affect his use of the premises. The

motion is DENIED insofar as it seeks to bar all inspection of the premises.

DONE AND ORDERED at Fort Lauderdale, Florida, this 16ᵗʰ day of January, 2001.

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:     John D. Mallah, Esq.
               Loring N. Spolter, Esq.

4