

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO . 6:02-CV-1204-ORL-19JGG

ACCESS FOR AMERICA, INC., a Florida
not for profit corporation, and DOUG WILDER,
Individually,

        Plaintiff,

vs.

STEVEN J. WOLK, STEPHEN WOLK as Trustee
under the Stephen Wolk Living Trust, and
HELEN J. WOLK, as Trustee under the Helen J.
Wolk Living Trust,

        Defendant(s).
_____/

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPERT FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

COME NOW the Plaintiffs, ACCESS FOR AMERICA, INC., a Florida not-for-profit corporation, and DOUG WILDER, individually, by and through their undersigned attorneys, and pursuant to the Order entered by the Court on May 28, 2004 and Local Rule 4.18 of the United States District Court for the Middle District of Florida, hereby submit Plaintiffs' Verified Application for this Court's determination of attorneys' fees, expert fees and costs, and as grounds therefor, state as follows:

### I.    PROCEDURAL HISTORY

1.    Defendants own and operate a Strip Shopping Center located at 6905-6935 Municipal Drive, Orlando, Florida 32819.  The Strip Shopping Center is a public accommodation as defined by 28 C.F.R. Section 36.201(a) and 36.104 and was being operated in violation of the Americans With Disabilities Act, 42 U.S.C. Section 12181 et seq. ("the ADA"), because architectural barriers existed at the property which prevented disabled persons from equally using and enjoying the goods

93

and services offered. See 28 C.F.R. Section 36.401(d)(ii).

2.      The Plaintiffs, ACCESS FOR AMERICA, INC. and DOUG WILDER brought this action against the Defendants STEPHEN J. WOLK, STEPHEN WOLK as Trustee under the Stephen Wolk Living Trust, and HELEN J. WOLK, as Trustee under the Helen J. Wolk Living Trust, to redress the noncompliant conditions at the subject property.

3.      As a result of this litigation, Defendants agreed in a legally enforceable Stipulation signed by counsel for the parties, to redress the non-compliant conditions, and the case was thereby settled. (DE81 also attached as Exhibit "E"). In the Stipulation, Defendants agreed to "maintain the property in at least substantial compliance with the ADA and to require their tenants in the property to maintain their leased premises in the property in at least substantial compliance with the ADA so long as the Defendants and third-party plaintiffs shall the property..." Furthermore, the parties agreed in the Stipulation that the "issues of the plaintiffs' entitlement to recovery of their attorneys' fees, costs and expert fees incurred herein, the amount, if any, of that recovery, to be resolved by the Court."

## II. **MEMORANDUM OF LAW**

To recover attorney's fees under 42 U.S.C. § 12205 a plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). A Plaintiff is a prevailing party if it was "awarded some relief" by the court and also "achieved an alteration in the legal relationship of the parties." Id. at 603-05. As explained in Am. Disability Ass'n. Inc. v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002) since Buckhannon, a circuit split has developed regarding whether a private settlement, without further judicial action, constitutes an

"alteration in the legal relationship of the parties" sufficient to make the plaintiff, a "prevailing party". Compare Barrios v. Cal. Interscholastic Fed'n., 277 F. 3d 1128, 1134 & n.5 (9th Cir. 2002) (finding that, because the plaintiff could "enforce the terms of the settlement agreement against the [defendant]", he was a "prevailing party" regardless of the lack of a separate consent decree or specific retention of jurisdiction by the court), with N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester County Taxi & Limousine Comm'n., 272 F. 3d 154, 158-59 (2d Cir. 2001) (reversing a grant of fees where the parties entered a private settlement, and the district court simply entered an order dismissing the case as moot).

The 11th Circuit, in Chmielarz, did not decide which position to take since the facts in Chmielarz plainly separated it from those in which a private settlement was unaccompanied by any further action.

Plaintiffs herein respectively submit that the position adopted by the 9th Circuit Court of Appeals in Barrios is the better position, and should be adopted by this court, and applied to this case where the parties entered into a Stipulation (D.E.81) agreeing to the following:

"Defendants and third-party plaintiffs agree to maintain the property in at least substantial compliance with the ADA and to require their tenants in the property to maintain their leased premises in the property in at least substantial compliance with the ADA so long as the defendants and third-party plaintiffs shall own the property".

By agreeing to maintain the property in at least substantial compliance with the ADA and to require their tenants in the property to maintain their leased premises in the property in at least substantial compliance with the ADA, there was an alteration of the legal relationship of the parties. Given that the Plaintiffs herein can enforce the terms of the fully executed Stipulation against the Defendants, this court should hold that the Plaintiffs are the prevailing party in this litigation. The

3

Plaintiffs brought this action to compel the Defendants to maintain their property in compliance with the ADA, and the Stipulation recognizes that the Defendants agree to maintain the property in at least substantial compliance with the ADA and to require their tenants in the property to maintain their leased premises in the property in at least substantial compliance with the ADA. The Settlement Stipulation affords the Plaintiffs a legally enforceable instrument (see Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir.2000) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12, 113, 113 S.Ct.566, 121 L.Ed.2d 494 (1992), and Barrios makes Plaintiffs a "prevailing party".

In Johnson v. Dist. of Columbia, 190 F. Supp. 2d 34 (D.C. Ct. 2002), the court stated as follows:

> "...while the D.C. Circuit has yet to be faced with this issue, this Court agrees with the Ninth Circuit's opinion in Barrios v. California Interscholastic Federation, 277 F.3d 1128 (9th Cir. 2002). That court held that Buckhannon did not preclude an award of attorney's fees to a plaintiff who entered into a settlement agreement. Id. at 1134 n.5. The Ninth Circuit rejected the argument that the Supreme Court's dictum in Buckhannon about private settlements could overcome prior Ninth Circuit precedent holding that private settlements do constitute a material alteration in the legal relationship between two parties sufficient to confer prevailing party status on a plaintiff. Id. Similarly, without a holding from the Supreme Court or the D.C. Circuit to the contrary, this Court will not reject prior D.C. Circuit precedent that allows for the award of attorney's fees to plaintiffs who enter into private settlement agreements. See, e.g., Grano v. Barry, 783 F.2d 1104 (D.C. Cir. 1986)".

Perhaps even more significant, is the fact that the parties in the case at bar, just as the parties in Barrios, in their Settlement Stipulation, agreed that the District Court would retain jurisdiction over the issue of attorney's fees. The retention of jurisdiction over the issue of attorney's fees was held in Barrios to provide sufficient judicial oversight to justify an award of attorney's fees and costs.

Factors to be considered when setting a fee include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4)

4

the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). Note, however, that the going rate in the community is the most critical factor in setting the fee rate. See Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990).

In a civil rights case, the amount of an award of attorneys' fees, expert fees and costs is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably expended. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation. See Gaines v. Dougherty County Board of Education, 775 F.2d 1565, 1571 (11th Cir. 1985).

Court holdings over the past ten (10) years, provide evidence of the going rate in the community. Rates ranging from $275.00 to $500.00 per hour have been found by U.S. District Courts in Florida to be reasonable in similar types of litigation. See Association for Disabled Americans, Inc. v. Motiva Enterprises, L.L.C., 99-580-CIV-JORDAN/BANDSTRA (awarding $82,588.00 in attorneys' fees at $ 290.00 an hour); See In re Domestic Air Transportation Antitrust Litigation, 148 F.D.R. 297 (N.D. Ga. 1993) (holding that rates up to $500.00 per hour are reasonable; See Dillard v. City of Elba, 863 F.Supp. 1550 (M.D. Ala. 1993) (stating that $325.00 per hour is

reasonable); See Knight v. Alabama, 824 F.Supp. 1022, 1027 (N.D. Ala. 1993) (awarding $275.00 per hour); and See Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F.Supp. 1190 (S.D. Fla. 1991)

As far back as March 12, 1996, Courts were awarding $275.00 per hour in civil rights cases, even where "the issues presented in [the] case were not particularly complex." See Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996). See also, Alliance for ADA v. JA Bahama Hotel, Inc., 98-6020-CIV-DIMITROULEAS, (S.D. Fla. filed July 14th 1999) (wherein the Court concluded "that the lodestar amount of $290.00 per hour is appropriate for this type of case involving alleged violations of the ADA), and Advocates for the Disabled, Inc. v. Boulevard Motel Corp., 99-6833-CIV-HIGHSMITH (S.D. Fla. filed March 30, 2000) (awarding $275.00 per hour), and Advocates for the Disabled, Inc. v. 1015 South, Inc., 99-6812-CIV-HUCK, (S.D. Fla. filed Nov.1, 2001) awarding $11, 223.00 in attorneys fees at $290.00/hour.

The counsel for the law firm representing the Plaintiffs are experienced in ADA Title III as the Plaintiffs' lawyers have filed and litigated in excess of 100 ADA Title III cases. Obviously, if any other similarly experienced defense lawyers were to consider taking Plaintiffs' civil rights representation, with the associated risk of nonpayment and delay in payment, they would be entitled at this point in time to well in excess of $325.00 per hour. Attached *(hereto as Composite Exhibit B)* are the resumes of the attorneys who performed the legal services in this case, John Fuller, Mark Guariglia and Lawrence Fuller. Both John Fuller and Lawrence Fuller have been members of the Florida Bar in excess of 20 years. Mark Guariglia has been a member of the Florida Bar for 4 years. The resumes are being attached as an exhibit to support the reasonableness of Plaintiffs' request for

6

attorneys' fees, which are based on $325.00 per hour for attorneys Lawrence Fuller and John Fuller, and $250.00 per hour for attorney Mark Guariglia. John Fuller expended 4.20 hours, Lawrence Fuller 121.80 hours, and Mark Guariglia 8.70 hours.

Lawrence A. Fuller, the attorney who provided most of the hours in this case, has been a member of The Florida Bar since 1974. He is also a member of The Bar in Ohio, New York, and Wahington, D.C. He is a board certified trial attorney, with an AV Martindale Hubbell rating. Just as $290.00 per hour was considered a fair and reasonable hourly rate in the 1999, 2001, and 2002 cases referred to herein, it is respectively submitted that $325.00 is a fair and reasonable rate due to inflation and the increasing cost of doing business.

In a similar case with a nearly identical case history, See Advocates for the Disabled, Inc. v. 1015 South, Inc., 99-6813-CIV-HUCK/BROWN (S.D. Fla. July 26, 2001), the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida remanded the case to the Honorable Magistrate Judge Stephen T. Brown for reconsideration of that Court's award to the Plaintiffs of their attorneys' fees in light of the recent ruling by the United States Supreme Court in Buckhannon, and Magistrate Judge Brown affirmed his finding of the award to the Plaintiffs of their attorneys' fees as well as the reasonableness of the undersigned's request of an hourly rate of $290.00 in the ADA Title III case. See Report and Recommendation of Magistrate Judge Brown in 1015 South, Inc., at page 4 (July 26, 2001), and Judge Huck's Order dated November 1, 2001 *(copy attached hereto as composite Exhibit C)*. Also, in another recent case with a nearly identical case history in the Southern District of Florida, an Order was entered on June 12, 2002, by Chief United States District Judge William J. Zloch that states in part that "[b]ased upon the evidence submitted

7

by the Plaintiffs and upon a consideration of the above-mentioned factors, the Court finds $290.00 per hour to be a reasonable rate for the services performed by Mr. Fuller and his associates." See, <u>Disability Advocacy and Access Network, Inc., et al vs. Ramco; Access Network, Inc., et al. v. Ramco-Gershenson Properties, L.P.</u>, (00-7794-CIV-ZLOCH) (S.D. Fla. 2002). Lastly, in a Report and Recommendation entered on November 25, 2002, the Honorable Magistrate Judge Steven Brown states in part that "Lawrence A. Fuller, upon consideration of all relevant evidence,..., should receive the requested hourly rate of $290.00, which is fair, reasonable, relates to his experience, and reflects the prevailing market rate. Lawrence Fuller's additional experience with ADA cases is the cause for the difference." See page 6 of Report and Recommendation of the Honorable Magistrate Judge Steven Brown in <u>Access 4 All, Inc. et al. v. Safira Investments, Inc.</u>, 01–4795-CIV-JORDAN/BANDSTRA) (S.D. Fla. 2002). *(Copy attached hereto as Exhibit D)*.

Therefore, the Court should set the attorneys' fees, expert fees and costs in an amount that the Court considers fair and reasonable, taking into consideration the factors set forth in <u>Johnson</u> and <u>Martin</u>, especially the time and labor required and the excellent results obtained in bringing defendant's property into compliance with the requirements of the ADA.

Defendants have agreed in the fully executed stipulation to maintain the property in at least substantial compliance with the ADA and to require their tenants in the property to maintain their leased premises in the property in at least substantial compliance with the ADA. As is evident from both the Defendants' denial in the Answer of the ADA violations Plaintiffs enumerated in the Complaint, and the Affirmative Defenses raised by the Defendants in the Answer, this litigation resulted in Defendants finally agreeing to maintain their property in substantial compliance with the

ADA, which, by law, should have been done more than one decade earlier.

Under this background, the Plaintiffs' attorneys' fees, expert fees and costs are the following:

(a)     To date, the Plaintiffs have incurred $42,849.00 for attorneys' fees based on an hourly rate of $325 per hour for legal services by attorneys John Fuller and Lawrence Fuller, and $250.00 per hour for attorney Mark Guariglia. **(Exhibit A).** Plaintiffs' counsel certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

(b)     Plaintiffs have incurred an additional $1,950.00 in expert witness fees, $1530.59 in litigation expenses and $250.00 in reinspection fees.

(c)     Plaintiffs estimate that they will incur, and will seek an award of $2,010.00 for the two attorneys having to prepare for and appear at an evidentiary hearing (3 hours at $325.00 per hour per attorney).  This is in addition to the overall demand for fees.

(d)     All of the fees requested are for work performed, except for additional work performed in filing the instant motion, as required by the Federal and Local Rules, to bring the issue of the reasonableness of Plaintiffs' attorneys' fees, expert fees and costs before the Court.

Assuming the Court believes an evidentiary hearing is necessary, this amount assumes no additional legal services will need to be rendered other than for preparing for and attending the evidentiary hearing.  However, if any additional discovery is propounded by Defendant, or any depositions are taken, then Plaintiffs herein reserve the right to seek an additional amount in attorney's fees and costs.

Based upon the foregoing, Plaintiffs seek an award of attorneys' fees, expert witness fees and litigation costs of $48,589.59.  Said amounts for the attorneys' fees includes the anticipated time

preparing for and attending the fee hearing by the attorneys. If this Court decides the amount of attorney's fees without any hearing, then the additional amounts for preparing for and attending the hearing would not be requested.

In compliance with Local Rule 3.01(g), Plaintiff's counsel, Lawrence A. Fuller, has conferred with counsel for the opposing party in a good faith effort to resolve by agreement this motion; however, said parties were unable to reach agreement. Neither party has requested a hearing.

WHEREFORE, Plaintiffs respectfully request that the Court confirm Plaintiffs' entitlement as the prevailing party, to attorney's fees, costs and expert fees, and either determine the amount to award Plaintiffs' for attorney's fees, costs and expert fees, or alternatively after confirming Plaintiffs' entitlement to attorney's fees, costs and expert fees, transfer the case to Magistrate Judge David Baker to set the amount of attorney's fees, costs and expert fees.

_____
LAWRENCE A. FULLER

## **VERIFICATION**

STATE OF FLORIDA          )

COUNTY OF MIAMI-DADE)

BEFORE ME, the undersigned authority, personally appeared this day LAWRENCE A. FULLER and he acknowledged to and before me that he executed the foregoing Plaintiffs' Verified Application for Attorneys' Fees, Expert Fees and Costs and Incorporated Memorandum of Law for the purposes contained therein and the facts alleged therein are true to the beset of his knowledge and belief.

WITNESS my hand and seal in the County and State last aforesaid this _7_ day of June, 2004.

_____
NOTARY PUBLIC
State of Florida
My Commission Expires:



MONICA MARTA
MY COMMISSION # DD 253385
EXPIRES: January 26, 2008
Bonded Thru Notary Public Underwriters

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail on this ___7th___ day of June, 2004, to:

**Steven J. Wolk, Esq.**
*Attorney for Defendants/Third-Party Plaintiffs*
*STEVEN J. WOLK and HELEN J. WOLK*
857 Dover Road
Maitland, FL 32751-3121
Tel: (407) 339-2933
Fax: (407) 332-1986

David S. Cohen, Esq.
**Law Offices of David S. Cohen, L.C.**
*Attorneys for Third Party Defendants*
*SEAN MARKETING, INC., KARIM ALI and SADAF ALI*
5728 Major Boulevard, Suite 550
Orlando, FL 32819
Tel: (407) 354-3420
Fax: (407) 354-3840

Jim McCrae, Esq.
**Holland & Knight, LLP**
*Attorneys for Third Party Defendants HOKUSHIN, INC., TAKASHI HAYAKAWA AND JUNKO HAYAKAWA*
200 S. Orange Avenue, Suite 2600
Orlando, Florida 32802-1526

**FULLER, FULLER & ASSOCIATES, P.A.**
*Attorney for Plaintiffs*
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305) 893-9505 Fax

By: _____
Lawrence A. Fuller, Esq.
Florida Bar No.: 180470

3335/ MoAttysFeesIncorpMemoLaw (mm, 6-4-04).wpd

Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd.
Suite 609
North Miami, FL 33181


Invoice submitted to:
Stephen J. Wolk




June 07, 2004

In Reference To:A.D.A.
Stephen J. Wolk
@ International Corner Plaza
6905 Municipal Drive
Orlando, Florida

Invoice #11353

Professional Services

| | | Hours | Amount |
|---|---|---|---|
| | **JPF** | | |
| 7/3/02 | Analyzing expert report and photographs to determine nature and extent of A.D.A. violations and relevant ADAAG citations; researched ADAAG'S; Phone call(s) with client; analysis of report from property appraisers office to confirm proper property is identified, including review of legal description, use codes, property address and valuation | 1.50 | 435.00 |
| 7/11/02 | Reviewed notes re: ownership; Reviewing pertinent title documents; confirmed proper Defendant; prepared notes to file | 0.70 | 203.00 |
| 8/22/02 | Reviewing expert report and prepared Complaint and Summons; Phone call(s) with client, prepared witness and exhibit list. | 2.00 | 580.00 |
| | SUBTOTAL: | [ 4.20 | 1,218.00] |
| | **LAF** | | |
| 10/24/02 | Reviewing Order of Interested Persons and Corporate Disclosure; Reviewing Related Case Order and Track Two Notice | 0.30 | 87.00 |
| 11/4/02 | Plaintiff filed Certificate Interested Persons & Notice Pendency with Court | 0.30 | 87.00 |
| 11/17/02 | Reviewing Motion to Dismiss; Reviewing Memorandum of Law in Support of Motion to Dismiss; Reviewing Affidavit In Support of Motion to Dismiss; Legal research | 1.50 | 435.00 |



**EXHIBIT**

A

|            |                                                                                                                                                                                                                                                                                                                                                                                                                                                                         | Hours | Amount   |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|----------|
| 11/18/02   | Reviewing Order dated 11-18-02                                                                                                                                                                                                                                                                                                                                                                                                                                           | 0.10  | 29.00    |
| 11/19/02   | Preparing Memo of Law In Opposition to Motion to Dismiss; Legal research                                                                                                                                                                                                                                                                                                                                                                                                 | 3.00  | 975.00   |
| 11/25/02   | Preparing Initial Rule 26 Disclosure; Preparing Rule 26(a)(2) Expert Witness Disclosure; Preparing Certificate of Interested Persons and Corporate Disclosure Statement; Preparing Notice of Pendency; Preparing proposed Motion for Telephonic Conference and Order; Preparing letter to opposing counsel re Case Management Report; Preparing proposed Case Management Report; Preparing letter to opposing counsel re Election forms; Preparing Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions; Preparing Election to Jurisdiction by a United States Magistrate Judge for Trial | 2.20  | 638.00   |
| 11/26/02   | Reviewing Defendant's Certificate of Interested Persons                                                                                                                                                                                                                                                                                                                                                                                                                  | 0.20  | 58.00    |
| 12/17/02   | Plaintiff prepared and faxed Case Management Report reminder letter to opposing counsel                                                                                                                                                                                                                                                                                                                                                                                  | 0.30  | 87.00    |
| 12/23/02   | Reviewing opposing counsel's suggested changes to the proposed Case Management Report; Preparing Interrogatories; Preparing Requests for Production; Preparing Requests for Admissions; Phone call(s) with client; Phone call(s) with expert                                                                                                                                                                                                                               | 1.40  | 406.00   |
| 12/27/02   | prepare Mediation fax to opposing counsel; Phone call(s) with client                                                                                                                                                                                                                                                                                                                                                                                                     | 0.30  | 87.00    |
| 12/30/02   | Preparing letter to opposing counsel; Reviewing file                                                                                                                                                                                                                                                                                                                                                                                                                     | 0.40  | 130.00   |
| 1/7/03     | Preparing Plaintiffs' Request for Entry Upon Land and Other Purposes                                                                                                                                                                                                                                                                                                                                                                                                     | 0.30  | 97.50    |
| 1/21/03    | Prepare notice stipulation to mediator; Preparing letter to mediator.                                                                                                                                                                                                                                                                                                                                                                                                    | 0.30  | 87.00    |
| 2/3/03     | Preparing letter to opposing counsel                                                                                                                                                                                                                                                                                                                                                                                                                                     | 0.40  | 130.00   |
| 2/5/03     | Prepare Plaintiffs supplemental response to Motion to Dismiss; prepare proposed Order.                                                                                                                                                                                                                                                                                                                                                                                   | 2.00  | 650.00   |
|            | Reviewing Defendant's Objections to Request for Inspection; Legal research of cases cited by Defendant                                                                                                                                                                                                                                                                                                                                                                    | 1.00  | 325.00   |
| 2/10/03    | Reviewing letter from opposing counsel dated 2/7/03                                                                                                                                                                                                                                                                                                                                                                                                                      | 0.30  | 97.50    |
| 2/11/03    | Prepared Motion to Compel Inspection and Memorandum in Conjunction Therewith                                                                                                                                                                                                                                                                                                                                                                                             | 3.20  | 1,040.00 |
| 3/7/03     | Reviewing Notice of Scheduling Final Pretrial Conference                                                                                                                                                                                                                                                                                                                                                                                                                 | 0.20  | 65.00    |
| 3/13/03    | Reviewing Order dated 3-10-03                                                                                                                                                                                                                                                                                                                                                                                                                                            | 0.20  | 65.00    |
| 3/27/03    | Reviewing Motion to Withdraw Admission Made By Operation of Law and For Leave to Respond to Requests for Admission Out of Time, and Memorandum and Affidavit in Support                                                                                                                                                                                                                                                                                                    | 0.50  | 162.50   |

| | Hours | Amount |
|---|---|---|
| 4/2/03 Preparing Notice of Mediation; Phone call(s) with client | 0.30 | 97.50 |
| 4/3/03 Phone call(s) with opposing counsel | 0.30 | 97.50 |
| 4/7/03 Reviewing Order dated 4-1-03 | 0.10 | 32.50 |
| 4/14/03 Reviewing Order dated 4-10-03; Phone call(s) with client | 0.30 | 97.50 |
| 4/17/03 Reviewing Notice of Mediation Conference | 0.10 | 32.50 |
| 4/23/03 Reviewing Answer/Third Party Complaint; Reviewing Defendant's Requests for Production to Plaintiffs; Reviewing letter from opposing counsel dated 4/21/03; Preparing letter to opposing counsel | 1.50 | 487.50 |
| 5/2/03 Reviewing Order of Recusal | 0.10 | 32.50 |
| 5/16/03 Preparing Second set of interrogatories to Defendants; Preparing  Supplemental Request for Admissions; Preparing Compliance With Request For Production; Phone call(s) with Mr. Mattera | 1.80 | 585.00 |
| 5/21/03 Reviewing Report of AccesSolution.com, Inc; Reviewing ADAAG; Phone call(s) with Mr. Mattera | 1.00 | 325.00 |
| 5/22/03 Researched ADAAG'S,Prepared Settlement Agreement, Stipulation for Fees and Costs, Stipulation for Dismissal , Order of Dismissal, Letter to Opposing Counsel, Notice of Taking Deposition Decus Tecum, Phone conversation with client. | 2.80 | 910.00 |
| 5/27/03 Reviewing report of access solutions dated 4/21/01 Preparing proposed Settlement Agreement Preparing letter to opposing counsel | 2.80 | 910.00 |
| 6/23/03 Reviewing Answers to Second Set of Interrogatories; Reviewing Defendant's Answers to Supplemental Interrogatories | 0.60 | 195.00 |
| 6/24/03 Reviewing def's answers to second set of interrog Reviewing def's responses to second set of requests for admissions Reviewing file Phone call(s) with client Phone call(s) with opposing counsel | 2.80 | 910.00 |
| 7/23/03 Reviewing Order dated 7-18-03 | 0.10 | 32.50 |
| 8/1/03 Phone call(s) with Mr William Preparing letter to Mr William Phone call(s) with client | 0.80 | 260.00 |
| 8/11/03 Reviewing Amended Notice of 8-8-03; Reviewing order of Interested Persons | 0.20 | 65.00 |

| | | Hours | Amount |
|---|---|---|---|
| 8/12/03 | Reviewing Order dated 8-8-03 | 0.10 | 32.50 |
| 8/25/03 | Reviewing letter from opposing counsel dated 8-20-03, Certificate of Interested Parties of Third Party Defendant ConocoPHillips | 0.50 | 162.50 |
| 9/5/03 | Reviewing file<br>Preparing letter to Mr Wilson<br>Phone call(s) with Mr Darmody<br>Phone call(s) with client | 1.20 | 390.00 |
| 9/8/03 | Reviewing Conocophillips Answer and Affirmative Defenses ; Phone call(s) with client | 0.50 | 162.50 |
| 9/9/03 | Phone call(s) with Mr Wilson<br>Phone call(s) with client | 0.70 | 227.50 |
| 9/22/03 | Reviewing letter from opposing counsel dated 9-18-03; Reviewing Answer and Amended Third Party Complaint | 0.70 | 227.50 |
| 9/26/03 | Preparing Plaintiff Doug Wilder's Affidavit in Support of Motion for Summary Judgment; Preparing Access for America's Inc. Affidavit in Support of Plaintiff's Motion for Summary Judgment; Preparing Affidavit of Plaintiff's Expert Gene Mattera In Support of Plaintiff's Motion for Summary Judgment | 2.30 | 747.50 |
| 9/30/03 | Preparing Plaintiff's Motion for Summary Judgment; Preparing letter to client Doug Wilder re: Affidavit in Support of Plaintiff's Motion for Summary Judgment; Preparing letter to client Martin Smith re: Affidavit In Support of Plaintiff's Motion for Summary Judgment; Preparing letter to expert Gene Mattera re: Affidavit in Support Plaintiff's Motion for Summary Judgment | 5.40 | 1,755.00 |
| 10/13/03 | Reviewing Motion for Leave to File Amended Third-Party Complaint;<br>Reviewing Answer;<br>Reviewing Amended Third-Party Complaint | 0.80 | 260.00 |
| 10/31/03 | Reviewing Conoco'a Response to Motions to Amend; Phone call(s) with opposing counsel | 0.60 | 195.00 |
| | Reviewing Order dated 10/29/03 | 0.10 | 32.50 |
| 11/14/03 | Reviewing Notice re Mediation Conference | 0.20 | 65.00 |
| 11/17/03 | Reviewing file ; Preparing letter to opposing counsel ; Making cahnges to proposed Settlement Aggreement; Phone call(s) with Mediator; Reviewing Conoco's answer & Affirmative Defenses to Amended Third Party complaint; Phone call(s) with opposing counsel | 3.20 | 1,040.00 |
| 11/19/03 | Anticipated future time to attend mediation, negotiate terms of settlement, make changes to settlement documents, get settlement document executed & obtain court approval. | 6.00 | 1,950.00 |

|  |  | Hours | Amount |
|---|---|---|---|
| 11/19/03 | Preparing for and attending inspection; Phone call(s) with client | 5.00 | 1,625.00 |
| 11/25/03 | Reviewing Order of 11/25/03 | 0.10 | 32.50 |
| 11/28/03 | Legal research re liability of landlord for ADA violation in tenant space Making final changes to Motion For Summary Judgment & Memo Of Law Reviewing Answer of 3d party def Hayakawa | 2.50 | 812.50 |
| 12/4/03 | Reviewing Order dated 12-1-03 | 0.20 | 65.00 |
| 12/5/03 | Reviewing Order dated 12-4-03 | 0.20 | 65.00 |
| 12/8/03 | Reviewing Third-Party Defendant's Preparing Certificate of Interested Persons | 0.20 | 65.00 |
|  | Reviewing Order dated 12-5-03 | 0.20 | 65.00 |
| 12/13/03 | Reviewing Certificate of Interested Persons and Corporate Disclosure Statement of Third-Party Defendant | 0.20 | 65.00 |
| 12/15/03 | Reviewing Interrogatories of Third Party Defendant | 1.50 | 487.50 |
|  | Reviewing Notice of Interrogatories and Interrogatories upon Plaintiffs; Reviewing Notice of Interrogatories and Interrogatories upon Third Party Plaintiff Wolk | 1.00 | 325.00 |
| 12/20/03 | Reviewing Third Party Defendant Sean's Certificate of Interested Persons | 0.20 | 65.00 |
| 12/23/03 | Preparing letter to Mr. Mattera; Phone call(s) with Mr. Mattera, Phone call(s) with client | 1.00 | 325.00 |
| 12/29/03 | Reviewing Memorandum of Law in Opposition to Defendant's Memorandum of Summary Judgment dated 12-22-03 | 1.40 | 455.00 |
| 1/2/04 | Reviewing Defendant's Cross Motion for Summary Judgment and Motion to Reopen etc. | 1.50 | 487.50 |
| 1/4/04 | Closely reviewing 67 page report of ADA Compliance Specialists dated 11/24/03; Phone call(s) with Mr. Mattera; Preparing letter to Mr. Mattera; Legal research regarding issue of mootness | 6.20 | 2,015.00 |
| 1/6/04 | Reviewing Order dated 1/5/04 | 0.20 | 65.00 |
| 1/26/04 | Reviewing order of 1/26/04 | 0.30 | 97.50 |
| 2/12/04 | Reviewing Motion to dismiss third party complaint | 0.20 | 65.00 |
| 2/26/04 | Reviewing Wolk's oppositions to third party defendants motions to dismiss and impose sanctions ; Reviewing lease and affidavit attached to oppositions ; Phone call(s) with client Phone call(s) with Mr. Mathera ; Preparing letter to client | 2.00 | 650.00 |
| 3/11/04 | Preparing Joint Pre-Trial Report including Witness List and Exhibit List | 3.00 | 975.00 |

|  |  | Hours | Amount |
|---|---|---|---|
| 3/24/04 | Phone call(s) with Mr McCray | 0.30 | 97.50 |
|  | Phone call(s) with opposing counsel Wolk<br>Phone call(s) with Mr Cohen<br>Phone call(s) with Mr Wilson | 1.30 | 422.50 |
| 3/31/04 | Reviewing defendants proposed stipulations ; revising stipulation; Preparing proposed final order of dismissal; Phone call(s) with client | 2.00 | 650.00 |
| 4/1/04 | Phone call(s) with opposing counsel ; Reviewing Defendant's revisions to proposed pretrial abatement; Phone call(s) with client ; Preparing letter to opposing counsel along with proposed Stipulation & Final Order | 2.20 | 715.00 |
| 4/2/04 | Reviewing E-mail from Mr Wolk dated 4/2/04; Reviewing Conoco's additions to Pretrial Catalog; Phone call(s) with Mr Wolk | 1.00 | 325.00 |
| 4/4/04 | Reviewing Wolk's Amended Answer & Amended Third Party Complaint; Reviewing Wolk's Rule 26 Disclosures; Reviewing Wolk's Motion for Leave to Make Disclosures Out of Time; Reviewing Wolk's Memo of Law & Supporting Affidavit of Wolk; Reviewing Wolk's Motion for Default & Memo of Law in Support; Reviewing Wolk's Motion for Rule 11 Sanctions | 4.60 | 1,495.00 |
| 4/5/04 | Phone call(s) with opposing counsel; Phone call(s) with Mr. Wilson; Phone call(s) with Mr. Cohen; Phone call(s) with client; Phone call(s) with Mr. Mattera, Reviewing revised Stipulation | 3.00 | 975.00 |
| 4/6/04 | Phone call(s) with Mr. Wolk, Phone call(s) with Mr. Mc Crae, Phone call(s) with Mr. Cohen; Reviewing Defendant's revised Stipulation; Reviewing Hokushin's proposed Stipulation | 3.80 | 1,235.00 |
| 4/7/04 | Phone call(s) with opposing counsel ; Phone call(s) with Court Clerk Ellen; Reviewing defendants revised stipulation of 4/7/04; Preparing proposed Order; Preparing letter to Court; Preparing letter to opposing counsel; Preparing Emergency Motion to Appear Telephonically | 3.10 | 1,007.50 |
| 4/12/04 | Preparing for, Traveling to and from, and attending hearing; Phone call(s) with client | 6.00 | 1,950.00 |
| 4/26/04 | Reviewing Def's Objection to Recommendation of Magistrate & Memo of Law<br>Reviewing Stipulation for Voluntary Dismissal of certain third party Claims<br>Reviewing Final Order of Dismissal dated 4/21/04<br>Preparing Reply to Def's Objection to Magistrate's Report | 2.30 | 747.50 |
| 6/4/04 | Legal research regarding issues raised concerning Buckhannon & subsequent cases on point<br>Preparing initial draft of Motion & Memo of Law<br>Phone call(s) with client | 5.80 | 1,885.00 |

| | Hours | Amount |
|---|---|---|
| 6/7/04 Preparing final version of Plaintiffs' Application for Fees and Memo of Law | 3.00 | 975.00 |
| | | |
| SUBTOTAL: [ | 121.80 | 39,343.50] |

MTG

| | Hours | Amount |
|---|---|---|
| 9/24/02 Phone call(s) with opposing counsel Stephen Wolk, Esq. regarding case being filed in the wrong district, transferring case to Middle District and not pursuing a Default | 0.30 | 75.00 |
| 9/25/02 Phone call(s) with opposing counsel Steven Wolk, Esq. re: voluntary dismissal of case, the re-filing in proper venue and the acceptance of service of Complaint in the Middle District; prepared letter to opposing counsel Steven Wolk, Esq. re: the voluntary dismissal and the acceptance of service of Complaint in the Middle District and preparation of Voluntary Dismissal without Prejudice and proposed Order | 0.70 | 175.00 |
| 1/7/03 Phone call(s) with opposing counsel  and Defendant. | 0.50 | 125.00 |
| 3/11/03 Phone call(s) with opposing counsel/ Defendant Steven Jay Wolk, Esq. re: Defendant's outstanding discovery, Defendant's request for an extension of time to respond, and discussion of status of case and Plaintiffs' Motion to Compel Inspection | 0.40 | 100.00 |
| preparation of letter sent via e-mail with discovery attached to opposing counsel/Defendant | 0.50 | 125.00 |
| 3/17/03 Phone call(s) with opposing counsel Steven Jay Wolk, Esq. re: the scheduling of Court Ordered inspection | 0.30 | 75.00 |
| 4/10/03 Travel to and from inspection; Attendance at property inspection, meeting with expert Gene Mattera; conference with expert Gene Mattera regarding noted ADA violations at property during inspection | 6.00 | 1,500.00 |
| | | |
| SUBTOTAL: [ | 8.70 | 2,175.00] |

Paralegal

| | Hours | Amount |
|---|---|---|
| 7/8/02 Reviewing file; Reviewed information from the county property appraisers office; prepared computer look up to identify proper codes to search to determine current property owner; reviewed print-out; ordered relevant title documents; organized documents to identify owner; prepared notes to file | 0.60 | 45.00 |
| 7/15/02 Prepared Pacer search and status search on owner | 0.50 | 37.50 |
| 2/4/03 Docketing trial orders/scheduling set by Court for case | 0.40 | 30.00 |
| | | |
| SUBTOTAL: [ | 1.50 | 112.50] |

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 136.20 | $42,849.00 |

Additional Charges :

<u>Client Expenses</u>

| | | Amount |
|---|---|---|
| 9/30/01 | Photocopies | 2.70 |
| 7/3/02 | Expert Fee(s) AccesSolution.com, Inc.<br>Invoice Date: 07/03/02<br>Check#11623<br>Deducted On Transaction# 1562 | 125.00 |
| | Expert Fee(s) AccesSolution.com, Inc.<br>Invoice Date: 07/03/02<br>Balance Due Expert @ Settlement | 1,075.00 |
| 8/22/02 | Open/Close File Charge | 125.00 |
| | Title Search | 60.00 |
| | Re-Inspection Fee(s) to disability group | 250.00 |
| | Filing Fees - Ck.#11658<br>Clerk Of US Courts | 150.00 |
| | Service of Process - Ck.#11659<br>Caplan, Caplan & Kaye | 75.00 |
| 9/25/02 | Faxing Long-Distance Chrg. - Domestic | 6.00 |
| 10/24/02 | Postage | 0.60 |
| 10/25/02 | Telephone Charges | 0.24 |
| 11/5/02 | Photocopies | 6.30 |
| | Postage | 1.75 |
| 11/30/02 | Photocopies | 43.65 |
| | Postage | 15.43 |
| 12/24/02 | Telephone Charges | 0.29 |
| 12/31/02 | Postage | 1.89 |
| 1/31/03 | Photocopies | 17.10 |
| | Postage | 3.23 |

|          |                                                                                      | Amount |
|----------|--------------------------------------------------------------------------------------|--------|
| 2/24/03  | Telephone Charges                                                                    | 0.82   |
| 2/28/03  | Postage                                                                               | 1.20   |
| 3/18/03  | Faxing Long-Distance Chrg. - Domestic                                                | 4.00   |
|          | Faxing Long-Distance Chrg. - Domestic                                                | 22.00  |
| 4/21/03  | Access Solution.com, Inc.<br>Attend inspection, prepare, produce and review report   | 750.00 |
| 4/30/03  | Telephone Charges                                                                    | 1.87   |
|          | Postage                                                                               | 4.43   |
|          | Telephone Charges                                                                    | 0.86   |
| 7/24/03  | Telephone Charges                                                                    | 1.19   |
| 9/5/03   | Postage                                                                               | 1.52   |
| 9/30/03  | Postage                                                                               | 0.74   |
| 10/24/03 | Telephone Charges                                                                    | 1.01   |
| 10/31/03 | Postage                                                                               | 2.20   |
|          | Photocopies                                                                           | 116.55 |
| 11/17/03 | Faxing Long-Distance Chrg. - Domestic                                                | 2.00   |
|          | Faxing Long-Distance Chrg. - Domestic                                                | 2.00   |
| 11/25/03 | Telephone Charges                                                                    | 5.04   |
| 11/28/03 | Postage                                                                               | 1.80   |
|          | Photocopies                                                                           | 13.05  |
| 12/15/03 | Courier Service                                                                      | 13.21  |
|          | Courier Service                                                                      | 14.45  |
| 12/23/03 | Faxing Long-Distance Chrg. - Domestic                                                | 4.00   |
| 12/29/03 | Telephone Charges                                                                    | 0.21   |
|          | Faxing Long-Distance Chrg. - Domestic                                                | 2.00   |
| 12/31/03 | Postage                                                                               | 15.54  |

|           |                                                         | Amount |
|-----------|---------------------------------------------------------|-----------|
| 12/31/03  | Photocopies                                             | 145.35 |
| 1/19/04   | Courier Service                                         | 27.50 |
| 1/26/04   | Telephone Charges                                       | 0.94 |
| 1/31/04   | Photocopies                                             | 36.45 |
|           | Postage                                                 | 11.54 |
| 2/29/04   | Photocopies                                             | 36.45 |
| 3/12/04   | Mediation Fees<br>Florida Mediation Group  Ck#12950     | 225.75 |
| 3/26/04   | Telephone Charges                                       | 0.75 |
| 3/31/04   | Postage                                                 | 5.35 |
|           | Photocopies                                             | 65.25 |
| 4/27/04   | Telephone Charges                                       | 16.79 |
| 4/30/04   | Photocopies                                             | 107.10 |
|           | Postage                                                 | 5.40 |
| 5/3/04    | Photocopies                                             | 105.10 |
|           | SUBTOTAL:                                               | [   3,730.59] |
|           | Total costs                                             | $3,730.59 |
|           | Total amount of this bill                               | $46,579.59 |
|           | Balance due                                             | $46,579.59 |

PLEASE NOTE, PAYMENTS RECEIVED AFTER CLOSE OF BILLING PERIOD WILL BE REFLECTED ON NEXT MONTH'S STATEMENT

RETAINER, IF ANY, WILL BE CREDITED AGAINST FINAL BILLING

# LAWRENCE A. FULLER

12000 Biscayne Boulevard, Suite 609
Miami, Florida 33181
Tel: (305) 891-5199 (Dade), (954) 463-6570 (Broward)
Facsimile: (305) 893-9505

**BAR MEMBERSHIP:**    Florida State Bar, 1974
Dade County Bar Association, 1975
American Bar Association, 1975
United States District Court, Southern District of Florida, 1975
United States District Court, Northern District of Florida, 1975
United States District Court, Middle District of Florida, 1985
United States Court of Appeals, 5th Circuit, 1978
United States Court of Appeals, 11th Circuit, 1981
United States Court of Appeals, District of Columbia, 2002
District Court of Columbia bar, 2002
United States District Court, Northern District of Ohio, 2003
United States District Court, Eastern District of Michigan, 2003
Ohio Bar, 2003
United States District Court, Southern District of New York, 2004
United States District Court, Eastern District of New York, 2004
New York State Bar, 2003

# WORK EXPERIENCE:

3/01 to Present:    FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
N. Miami, Florida 33181

Partner - involved in all aspects of general law practice, including emphasis on trial practice, personal injury, wrongful death and appellate practice.

4/90 to 2/01:    FULLER, MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road, Suite 802
Miami Beach, Florida 33139

Partner - involved in all aspects of general law practice, including emphasis on trial practice, personal injury, wrongful death and appellate practice.



EXHIBIT
B

| | |
|---|---|
| 1976 thru 1990 | **FULLER, FEINGOLD & MALLAH, P.A.**<br>1111 Lincoln Road, Suite 802<br>Miami Beach, Florida 33139<br><br>Partner - involved in all aspects of general law practice, including emphasis on trial practice, personal injury, wrongful death and appellate practice. |
| 1975 thru 1976 | **STEPHENS, THORTON & SCHWARTZ, P.A.**<br>19 West Flagler Street<br>Miami, Florida 33130<br><br>Associate - trial practice, personal injury, wrongful death and appellate practice. |
| 1974 thru 1975 | **FLORIDA SUPREME COURT**<br>Chief Justice C. Adkins<br><br>Law Clerk |
| 1971 thru 1973 | **FULLER AND FEINGOLD, P.A.**<br>1684 Meridian Avenue<br>Miami Beach, Florida 33139<br><br>Law Clerk |
| 1969 thru 1971 | **HARVARD LAW SCHOOL LIBRARY**<br><br>Research Aide |

**EDUCATION:**  BOSTON UNIVERSITY
Cum Laude Graduate

UNIVERSITY OF MIAMI, SCHOOL OF LAW, Coral Gables, FL
Juris Doctor, 1974

**HONORS:**  Selected for National Directory of Who's Who in Executives and Professionals 1993-1994; University of Miami Moot Court Board Judge; Phi Delta Phi Legal Fraternity; 1st Place, Freshman Moot Court; 2nd Place, Junior-Senior

Moot Court; selected Outstanding Member for Miami Beach Branch of Kiwanis International (1996-1997); Florida Bar Board Certified as a Specialist in Civil Trial Law (1983 - present); Kiwanian of the Year Honor for the years 1996, 1997 and 1998 from City of Miami Beach Kiwanis Club; President of Miami Beach Kiwanis Club (1999-2000).

## OTHER EXPERIENCE:

Registered Real Estate Salesman; Florida Real Estate Commission; 1972 thru present.

## PROFESSIONAL ASSOCIATIONS:

Florida Board Certified Trial Lawyer; Association of Trial Lawyers of America; Academy of Florida Trial Lawyers (1993 - present); American Bar Association Tort & Insurance Practice Committee (1984 thru present); Director, Miami Beach Bar Association (1984 thru present); Dade County Equal Opportunity Board (1992 thru 1994); City of Miami Beach Tourist & Convention Center Expansion Authority (1991 thru 1994); City of Miami Beach Youth Center Advisory Board, (1991 thru 1992); City of Miami Beach Young Professionals Committee (1985 thru 1990); Group Insurance for Members of the Florida Bar Committee (1995 thru 1988); Dade County Bar Association Professional Arbitration Committee (1986 thru 1987); Dade County Bar Association Medical Profession Liaison Committee (1984 thru 1985); City of Miami Beach Board Budget Advisory Committee (1982 thru 1985); Dade County Bar Association Public Relations & Information Committee (1980 thru 1981); Florida Bar Appellate Rules Committee (1978 thru 1980); Dade County Appellate Court Committee (1976 thru 1978); Member, American Bar Association Section of Litigation; City of Miami Beach Convention Center Advisory Board (1994 thru 1997); City of Miami Beach Board of Adjustment (1998-1999); Beach Health Facilities Board (2000); Member, Miami Beach Kiwanis Club (1994 - present).

## References:

Upon request.

(Both the firm of Fuller, Fuller & Associates, P.A. and Lawrence A. Fuller are AV rated by Martindale-Hubbell).

W:\WPDocs\EMPLOYEES\Mitzy\Resume LAF 51303 wpd

# *JOHN P. FULLER*

12000 Biscayne Boulevard, Suite 609
Miami, Florida 33181
Tel: (305) 891-5199 (Dade), (954) 463-6570 (Broward)
Facsimile: (305) 893-9505

**BAR MEMBERSHIP:**   Florida State Bar, 1979
Dade County Bar Association, 1979
United States District Court, Southern District of Florida, 1979
United States District Court, Middle District of Florida, 2001
United States District Court, Northern District of Florida, 2003
United States Court of Appeals, 11th Circuit, 1979
United States Court of Appeals, 5th Circuit, 1981

## WORK EXPERIENCE:

3/99 to Present:   **FULLER, FULLER AND ASSOCIATES, P.A.**
1111 Lincoln Road, Suite 802
Miami Beach, Florida

Partner - involved in all aspects of general law practice, including emphasis on trial practice, primarily concerning litigation involving enforcement of Title II and III of the Americans with Disabilities Act of 1990, personal injury and wrongful death, and commercial litigation.

7/91 to 3/99   **JOHN FULLER, P.A.**
1111 Lincoln Road Mall, Suite 802
Miami Beach, Florida 33139

Partner - involved in all aspects of general law practice, including emphasis on trial practice, personal injury and wrongful death, and commercial real estate matters.

1/89 to 7/98   **SHAPIRO AND WEIL**
Capital Bank Building, Suite 608
1666-79th Street Causeway
Miami Beach, Florida 33141

Of Counsel - involved in mostly complex commercial and probate litigation.

7/79 to 1/89   **FULLER, FEINGOLD AND MALLAH, P.A.**

Partner - involved in all aspects of general law practice, including emphasis on trial practice, personal injury and wrongful death, and real estate matters.

1978   **UNITED STATES DISTRICT COURT**
The Honorable Joe Eaton
Certified Legal Intern

| | |
|---|---|
| **EDUCATION**: | University of Florida<br>B.S. with Honors, 1975<br><br>Nova University School of Law<br>Juris Doctor, 1978 |
| **COMPLETED<br>COURSES:** | Americans With Disabilities Act with State of Florida Amendments, Sponsored by B. T. Builders, July, 2000; Universal Design and the New ADA/ABA Guidelines, Sponsored by Harvard Design School, August, 2003. |
| **HONORS:** | Member, Florida Blue Key; President, TAU Epsilon Fraternity; Who's Who Among Students in American Universities and Colleges, 1975; President, Nor-Isle Optimist Club, Board Certified Real Estate Lawyer, 1989. |
| **PROFESSIONAL<br>ASSOCIATIONS:** | Academy of Florida Trial Lawyers; Dade County Bar Association. |
| **CIVIC<br>ASSOCIATIONS:** | Nor-Isle Optimist Club, Westview Country Club, Young President's Club, Mount Sinai Hospital. |
| **REFERENCES:** | Upon request. |
| **PERSONAL:** | Married with two children. |

# MARK T. GUARIGLIA

(305) 673-4700    mguariglia@aol.com

1801 S. Treasure Road; Apt. #423
North Bay Village, Florida 33141

## BAR MEMBERSHIPS

- Florida State Bar, 2000
- American Bar Association, 2000
- North Broward County Bar Association, 2000
- Dade County Bar Association, 2001
- United States District Court, Southern District of Florida, 2002
- United States District Court, Northern District of Florida, 2002
- United States District Court, Middle District of Florida, 2002
- United States Court of Appeals, 11th Circuit, 2002

## LEGAL EXPERIENCE

**FULLER, FULLER, & ASSOCIATES, P.A.,** Miami Beach, Florida
*Associate – January 2002-2004*
- Performed legal research on procedural and substantive issues
- Drafted pre-trial motions, pleadings, memoranda and discovery
- Responsible for case management in A.D.A and personal injury cases
- Participated in property inspections with A.D.A. experts
- Participated in conferences with opposing counsel
- Attended various court hearings
- Participated in several mediations in A.D.A cases
- New client development, generated and signed clients

**PANZA, MAURER & MAYNARD, P.A.,** Fort Lauderdale, Florida
*Associate – October 2001 to January 2002*
- Drafted pleadings, memoranda and discovery
- Deposed party opponents and witnesses in civil cases
- Litigated pre-trial motions
- Conducted analysis and summary of medical and business records
- Responsible for case management in complex civil cases
- Extensive client contact and witness preparation
- Performed legal research on procedural and substantive issues
- New client development, generated and signed clients

**LAW OFFICES OF SCHWARTZ AND FISHER, P.A.,** Miami, Florida
*Associate – March 2001 to September 2001*
- Drafted and filed complaints and pre-trial motions
- Conducted case management in criminal and civil cases
- Client interviews and extensive client contact
- Litigated in felony, misdemeanor, juvenile and traffic cases
- Litigated pre-trial motions and in a life felony trial
- Deposed witnesses in felony, misdemeanor and juvenile cases

**GIUNTA, HOUSE & ROMM, P.A.,** Pompano Beach, Florida
*Associate – October 2000 to January 2001*
- Drafted and filed complaints
- Conducted case management in collections and criminal cases
- Client interviews and extensive client contact
- Researched various tort issues
- Litigated bond and Nebia hearings

**BROWARD COUNTY OFFICE OF THE PUBLIC DEFENDER,** Fort Lauderdale, Florida
*Certified Legal Intern – June 1998 to February 2000*
- Litigated in jury and bench trials
- Litigated in felony, misdemeanor and juvenile cases
- Litigated bond and Nebia hearings
- Litigated waiver and violation of community control hearings
- Researched, drafted and argued pre-trial motions
- Client interviews and extensive client contact
- Conducted case management in juvenile divisions
- Advised clients at arraignment and calendar call
- Deposed witnesses

**DANIELS & DANIELS, P.A.,** Fort Lauderdale, Florida
*Law Clerk – May 1997 to September 1997*
- Conducted research on various tort issues
- Corresponded with clients
- Conducted case management

## NON-LEGAL EXPERIENCE

**FOUNTAINEBLEAU HILTON RESORT AND TOWERS,** Miami Beach, Florida
*Towers Concierge – 1996*

**CITIBANK,** New York, New York
*Personal Banker for Overseas Employees – 1996*

**CBS, Inc.,** New York, New York
*Programming Assistant – 1995*

**National Westminster Bank, USA,** Huntington, New York
*Customer Service Representative – 1995*

**MONTAUK YACHT CLUB,** Montauk, New York
*Concierge/Bellcaptain – 1992 to 1995*

## EDUCATION

**NOVA SOUTHEASTERN UNIVERSITY SHEPARD BROAD LAW CENTER**, Fort Lauderdale, Florida
**Juris Doctor, May 1999**
- Criminal Justice Clinical Program – Summer Semester, 1998
- American Trial Lawyers Association, Member
- Sports & Entertainment Law Society, Member
- Phi Alpha Delta Legal Fraternity, Member

**STATE UNIVERSITY OF NEW YORK AT OLD WESTBURY**, Old Westbury, New York
**Bachelor of Science, May 1995**
- Majored in Marketing
- Dean's List 1994
- Dean's List 1995
- Marketing Society Club, Vice President
- Peer Mentor

## SKILLS

Proficient in Windows, WordPerfect, Word, Lexis-Nexis, WestLaw, and Premise.

## REFERENCES

Available upon request.

CASE NO. 99-6813-CIV-HUCK/BROWN

ADVOCATES FOR THE DISABLED,
INC., a Florida not-for-profit corporation,
LYLE WALENDY, Individually, and
ERNST ROSENKRANTZ, Individually,

       Plaintiffs,

v.

1015 SOUTH, Inc. d/b/a CRABBY JACK'S,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before this Court on Plaintiff's Supplemental Verified Application for

Attorney's Fees, filed May 16, 2001, and pursuant to 42 U.S.C. § 12205. This Court has considered

the Motion, noted the lack of Response thereto, and considered all pertinent materials in the file.

## FACTS

On June 29, 1999, Plaintiffs filed this action against Defendant, 1015 South, Inc., d/b/a

Crabby Jack's, alleging that Defendant failed to comply with the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA.

On or about April 25, 2001, the parties entered into a Modified Stipulation for Settlement, wherein

the parties agreed to all terms except for the amount of attorney's fees owed by the Defendant. On

April 30, 2001, Judge Paul C. Huck filed an Order on Notice of Settlement, ordering the parties to

file a Stipulation fo Settlement, a proposed Order of Dismissal or Final Judgment within fifteen days

EXHIBIT
C

of the date of the Order. On May 14, 2001, a Stipulation for Dismissal with Prejudice was filed by the parties indicating that a resolution of all matters in dispute, except for the amount of attorney's fees, was made and executed. Plaintiffs subsequently filed this Supplemental Verified Application for Attorney's Fees, seeking to recover $15,978.50, which includes the anticipated time preparing for and attending a fee hearing. Defendant has not opposed the Motion. Pursuant to the Local Rules for the Southern District of Florida Rule 7.1.C., the lack of Response within 10 days by the Defendant may be deemed sufficient cause for granting Plaintiff's Motion by default.

## DISCUSSION

**I.**  **Whether Plaintiff is Entitled to an Award of Attorney's Fees Pursuant to 42 U.S.C. § 12205.**

The ADA provides that the court, in its discretion, "may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs..." 42 U.S.C. § 12205. In reviewing the legislative history of the ADA, it is clear that Congress intended § 12205 to "be interpreted in a manner consistent with the Civil Rights Attorney's Fees Act," 42 U.S.C. § 1988, "including the statute's definition of prevailing party, as construed by the Supreme Court." H.R. REP. No. 101-485, 101st Cong., 2d Sess., pt. 3, at 73 (1990). In order for a party to collect attorney's fees under § 1988 (and § 12205), the party must show: (1) that it is the prevailing party; and (2) that its fee request is reasonable. See Webb v. James, 967 F. Supp. 320, 322 (N.D. Ill. 1997) (citing Farrar v. Hobby, 506 U.S. 103, 109-114 (1992)).

Plaintiffs are considered as prevailing "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-279 (1st Cir. 1978). In cases

2

where the parties have settled, the status of the prevailing party is based upon a determination of: "(1) whether the lawsuit was 'causally linked to the relief obtained,' ... and, (2) whether the defendant acted gratuitously, that is, the lawsuit was 'frivolous, unreasonable, or groundless.'" Fisher v. Kelly, 105 F.3d 350, 353 (7th Cir. 1997) (quoting Gekas v. Attorney Registration and Disciplinary Comm'n, 793 F.2d 846, 849-850 (7th Cir.1986)). In the case at bar, the relief obtained by Plaintiffs was undoubtedly causally linked to the lawsuit. Plaintiffs filed this lawsuit seeking injunctive relief. Their goal was to force Defendant into complete compliance with the requirements of the ADA by removing specific architectural barriers which limited Plaintiffs' use of the property. In the Modified Settlement Agreement, Defendant agreed to make the necessary changes in order to update the property. This Court does not find that the lawsuit was "frivolous, unreasonable, or groundless" either. This litigation was substantially ground in both law and fact. Because of the foregoing, this Court finds that Plaintiffs are the prevailing party.

## II.     Calculating the Reasonable Hourly Rate.

Paragraph 4 of the Modified Settlement Agreement establishes that Plaintiffs are entitled to an award of attorney's fees. Any fees to be awarded must be reasonable and follow the guidelines the Eleventh Circuit has promulgated. See Norman v. Housing Auth. City of Mongomery, 836 F.2d 1292 (11th Cir. 1983). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." Duckworth v. Whisenant, 97 F.3d 1393, 1395 (11th Cir. 1996). However, it is within the discretion of the district court to adjust the fees to what it deems proper. See Columbus Mills, Inc. v. Freeland, 918 F. 2d 1575, 1580 (11th Cir. 1990); see also Miller v. Kenworth of Dothan, Inc., 117 F. Supp. 2d 1247 (M.D. Ala. 2000).

3

The Supreme Court has established that the "lodestar" approach is the appropriate method for determining what constitutes reasonable in the awarding of the prevailing party's attorney's fees. See Norman, 836 F.2d at 1299 (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). The "lodestar" figure is the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended by the attorney; both figures are determined by the Court. Id.; see also Pennsylvania v. Delaware Valley Citizens' Council, 483 U.S. 711 (1987). "An hourly rate is reasonable if it 'is the prevailing rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Miller, 117 F. Supp. at 1254 (citing Norman, 836 F.2d at 1299). This method has been adopted by the Eleventh Circuit as the proper method to calculate fee awards in federal statutory fee-shifting cases. See Duckworth, 97 F.3d at 1395; see also Norman 836 F.2d at 1299.

Plaintiff requests an hourly rate of $290.00 for its legal counsel. Lawrence A. Fuller, Esq., the lead attorney in this case, has been a member of the Florida Bar since 1974. Attorney Fuller has been a partner in 3 different law firms and his current firm has filed and litigated over 100 ADA Title III cases. The remaining lawyers who expended hours on this case have each been a member of the Florida Bar for at least fourteen years. The hourly rate of $290.00 has been found by the Eleventh Circuit to be reasonable in similar types of litigation. See Association for Disabled Americans, Inc. et al. v. Motiva Enterprises, L.L.C., Case No. 99-580-CIV-JORDAN/BANDSTRA (S.D. Fla. April 23, 2001)(awarding $290.00 per hour in attorney's fees in ADA case); see also Alliance for ADA, et al v. JA Bahama Hotel, Inc., et al, Case No. 98-6020-CIV-DIMITROULEAS (S.D. Fla. October 6, 1999)(stating that the hourly rate of $290.00 is reasonable for ADA litigation). This Court has considered all relevant evidence and finds that an hourly rate of $290.00 for all time incurred is fair,

4

reasonable, and reflects the prevailing market rate.

### III. Calculating the Reasonable Number of Hours Expended.

The fee applicant bears the burden of demonstrating entitlement to the number of hours reasonably expended. See Norman, 836 F.2d at 1303. Fee applicants are required to exercise "billing judgement" in preparing their award application and should exclude from their amount requested "excessive, redundant, or otherwise unnecessary hours, as well hours dedicated to severable unsuccessful claims." Hensley, 461 U.S. at 433-35, 440. "This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of skill, reputation, or experience of counsel." Norman, 836 F.2d at 1301 (citing Hensley, 461 U.S. at 434). Exclusions for redundant or unnecessary work must be left to the discretion of the district court. Id.

Plaintiffs claim to have expended 50.80 hors throughout the course of this litigation. The Eleventh Circuit requires proof of the hours spent. Where there is a lack of documentation or testimonial support for the hours expended, the court may make the award based on its own experience. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Plaintiff has submitted a detailed time sheet describing the billable hours expended. After careful consideration, this Court concludes that Plaintiffs are entitled to reimbursement for 44.10 hours expended on this litigation.[1]

---

[1]Since a hearing will not be necessary for the resolution of this Motion, Plaintiffs are not entitled to recover for the time estimated to be incurred in the event of a "future" hearing.

## RECOMMENDATION

Based on the foregoing, this Court respectfully recommends that Plaintiff's Supplemental Verified Application for Attorney's Fees be **GRANTED** in the total amount of **$12,789.00**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. <u>See</u> <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 4 U.S. 95, 109 S. Ct. 397 (1988).

**DONE AND ORDERED** this _26th_ day of July, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      Lawrence A. Fuller, Esq.
      Andrew M. Schwartz, Esq.

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 01-4795-CIV-JORDAN/BANDSTRA

ACCESS 4 ALL, INC., a Florida
not-for-profit corporation, and
MARTIN MARCUS, individually,

      Plaintiffs,

vs.

SAFIRA INVESTMENTS, INC., a Florida
corporation,

      Defendant.

_____/



## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiffs' Verified Application ("Motion") for

Attorneys' Fees and Costs, filed May 3, 2002. The Court has considered the Motion, the Response,

the Reply, and all pertinent materials in the file.

## BACKGROUND

Plaintiffs' filed this action against Defendant under the auspices of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* On April 23, 2002, the Court entered a Final

Consent Judgment wherein the Court ordered that costs and attorneys' fees shall be taxed upon

proper motion.

## DISCUSSION

### I. Entitlement to an Award of Attorneys' Fees Pursuant to 42 U.S.C. § 12205

The Court, using its discretion, may allow the prevailing party a reasonable attorney's fee in



EXHIBIT

D

an ADA case. 42 U.S.C. § 12205. A review of the ADA's legislative history makes it clear that Congress intended § 12205 to be "interpreted in a manner consistent with the Civil Rights Attorney's Fees Act," 42 U.S.C. § 1988, "including the statute's definition of prevailing party, as construed by the Supreme Court." Webb v. James, 967 F. Supp. 320, 322 (N.D. Ill. 1997) (quoting H.R. REP. No. 101-485, 101st Cong., 2d Sess., pt. 3, at 73 (1990)). A party can collect attorney's fees under 42 U.S.C. § 1988 (and § 12205), provided that the party demonstrates that it is the prevailing party and that its fee request is reasonable. See id. at 322 (citing Farrar v. Hobby, 506 U.S. 103, 109-114 (1992)).

It is unnecessary to discuss the issue of "prevailing party" as the Consent Decree specifically provides that Plaintiffs are entitled to fees upon proper motion.

## II. Determination of Attorneys' Fees

The District Court has the ultimate discretion in determining whether or not a party to a case should receive an award of fees. See Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1491 (11th Cir. 1994) (quoting 42 U.S.C. § 2000e-5(k)). Any fees to be awarded must be reasonable and follow the guidelines the Eleventh Circuit has promulgated. See, e.g., Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). It is the prevailing party's burden to justify the requested fees. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996); see also, e.g., Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). However, the court itself can be an expert on the question of fees and may properly consider its own knowledge and experience in determining reasonable and proper fees. Loranger, 10 F.3d at 781 (citing Norman, 836 F.2d at 1303). Additionally, it is also within the Court's discretion to adjust the fees to an amount it deems proper. See, e.g., Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1580 (11th Cir. 1990).

The standards to be applied in determining reasonable attorney's fees are enunciated in Hensley v. Eckerhart, 461 U.S. 424 (1983).[1] The Court noted that the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. This is referred to as the "lodestar" method, which has been adopted by the Eleventh Circuit as the proper method to calculate fee awards in federal statutory fee-shifting cases. See, e.g., Duckworth, 97 F.3d at 1396; Loranger, 10 F.3d at 781.

Before discussing the calculation of attorneys' fees, Defendant argues, inter alia, that the Court should deny or substantially limit the award of fees because Plaintiffs "merely cloaked themselves in the ADA in order to generate a claim for fees and costs." The Court rejects this argument for two reasons. First, as stated above, fees are statutorily provided for under the ADA. If Defendant really believed that this case was all about generating attorneys' fees, then it should have never entered into the Consent Decree. The Court must also reject this argument based on the rule enunciated by the Supreme Court in Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources, 532 U.S. 598 (2001). There, the Supreme Court held that judgments on the merits and court ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorneys' fees. Buckhannon, 532 U.S. at 604. The Court further noted that an award of fees is still permissible even though the consent decree contains no admission of liability. Id. Had Defendant done what Plaintiffs asked without any judicial imprimatur, Defendant may have had a defense under Buckhannon against any subsequent claim for attorneys' fees by Plaintiffs. That not being the case here, however, Plaintiffs are entitled to

---

[1]Although Hensley involved attorney's fees under 42 U.S.C. § 1988, the U.S. Supreme Court stated that "[t]he standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7 (emphasis added).

3

attorneys' fees as the prevailing parties in this action.

## A. Calculating the Reasonable Hourly Rate

Factors to be considered when setting an hourly rate include the time and labor required, novelty and difficulty of the issues, skill required, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limitations, results obtained, attorney experience, and awards in similar cases. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). The most critical factor is the prevalent rate in the community. Martin v. University of S. Alabama, 911 F.2d 604, 610 (11th Cir. 1990).[2]

Plaintiffs have been represented by Lawrence A. Fuller ("LAF"), John P. Fuller ("JPF"), and James V. Johnstone ("JVJ") of Fuller, Fuller & Associates, P.A. Counsel for the law firm representing Plaintiffs have filed and litigated over 100 ADA Title III cases. All three of Plaintiffs attorneys seek an hourly rate of $290.00.

### 1. Attorney Background

Lawrence A. Fuller received his undergraduate degree from Boston University and his Doctor of Jurisprudence from the University of Miami. LAF was admitted to practice law in Florida in 1974 and is also admitted to the following courts: United States Southern, Middle, and Northern Districts of Florida, and the United States Court of Appeals for the Fifth and Eleventh Circuits. LAF has been a partner in three different law firms and has received an AV rating. LAF claims to have spent 25.70

---

[2] The U.S. Supreme Court has declared that the lodestar method as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in Johnson. Norman, 836 F.2d at 1298-1299.

hours and seeks a total of $7,453.00 in fees.[3]

John P. Fuller received his undergraduate degree from the University of Florida and his Doctor of Jurisprudence from Nova University School of Law. JPF was admitted to practice law in Florida in 1979, and is also admitted to the following courts: United States Southern and Middle Districts of Florida and the United States Eleventh Circuit Court of Appeals. Additionally, JPF has been a partner in three different law firms, as well as serving as of counsel to one firm. JPF claims to have spent 5.50 hours on the case and thus, he seeks a total of $1,595.00 in fees.

James V. Johnstone received his undergraduate degree from Cornell University and his Doctor of Jurisprudence from the University of Miami. JVJ was admitted to practice law in Florida in 1967, Georgia in 1975, and Tennessee in 1976. He is also admitted to the following courts: United States Southern and Middle Districts of Florida, the United States Eleventh Circuit Court of Appeals, and the United States Supreme Court. JVJ's resume suggests that he has extensive trial and litigation experience. JVJ claims to have spent 4.50 hours on the case and claims $1,305.00.

### 2. Reasonable Rate

Both Lawrence Fuller and John Fuller have recently received fee awards on the recommendations of this Court. See Association for Disabled Ams., Inc. v. Varadero Invs., Inc., Case No. 01-3280-CIV-HUCK/BROWN (S.D. Fla. May 9, 2002); Advocates for the Disabled, Inc. v. Cotillion Invs., Inc., Case No. 00-8391-CIV-UNGARO-BENAGES/BROWN (S.D. Fla. May 3, 2002). Lawrence A. Fuller, upon consideration of all relevant evidence, much of which was

---

[3]In the Plaintiffs' Verified Application, Lawrence Fuller claims fees in the amount of $6,583 for 22.70 hours expended. In the Plaintiffs' Memorandum in Opposition, he claims an additional $1,160 in fees for the four (4) hours of work expended in reviewing Defendant's Memorandum in Opposition and in preparing the Reply to said Memorandum. Also in the Plaintiffs' Reply, Lawrence Fuller concedes that the amount charged to Defendant should be reduced by one (1) hour for a letter never mailed.

presented to the Court in <u>Varadero</u> and <u>Cotillion</u> (i.e., significant legal experience, held partnerships in various law firms, firm in which he is currently a partner has litigated over 100 Title III ADA cases), should receive the requested hourly rate of $290.00, which is fair, reasonable, and reflects the prevailing market rate. For much of the same reasons cited above in determining LAF's hourly rate, the Court finds that an hourly rate of $250.00 for John P. Fuller is fair, reasonable, relates to his experience, and reflects the prevailing market rate. Lawrence Fuller's additional experience with ADA cases is the cause for the difference.

Regarding attorney Johnstone, the Court finds that the fee request of $290.00 per hour is a reasonable rate. Although Johnstone has less ADA experience than both Lawrence Fuller and John Fuller, he has more overall trial experience than either of them.

Additionally, Plaintiffs' claim that attorney Mark Guariglia spent 0.60 hours on the case for a total of $150.00 ($250.00 per hour). Although Guariglia's resume was not provided with Plaintiffs' Application, the Court has recently recommended that Guariglia receive an hourly rate of $160.00. <u>See</u> <u>Varadero</u>. For the same reasons cited in <u>Varadero</u> (i.e., two years experience as an attorney, no indicated trial experience), the Court finds that $160.00 per hour is a reasonable rate.

### B. Calculating the Reasonable Number of Hours Expended

The Eleventh Circuit requires proof of the hours spent on litigation. <u>See</u> <u>Duckworth</u>, 97 F.3d at 1397. Where there is a lack of documentation or testimonial support for the hours expended the court may make the award based on its own experience. <u>Loranger</u>, 10 F.3d at 781 (citing <u>Norman</u>, 836 F.2d at 1303). The fee applicant bears the burden of demonstrating entitlement to the number of hours reasonably expended. <u>See</u> <u>Norman</u>, 836 F.2d at 1303. Counsel for the prevailing party should exercise billing judgment, that is, make a good faith effort to exclude from a fee request hours

6

that are excessive, redundant, or otherwise unnecessary. Id. at 1301 (citing Hensley, 461 U.S. at 434); see also Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997).

Plaintiffs' submitted time sheets describe in detail the work performed by Plaintiffs' attorneys. These time sheets generally evidence the attorneys' good faith effort to exercise billing judgment. After reviewing the time entries recorded on the time sheets, the Court recommends that Plaintiffs are entitled to reimbursement for 28.30 hours as explained below.

Lawrence Fuller, Plaintiffs' lead attorney in this case, claims to have expended 21.70 hours. The Court finds that some of his claimed time was excessive in relation to the task performed, thereby warranting the adjustments in the following entries: 1/24/02, 2/6/02, 2/9/02, 2/15/02, 2/25/02, 3/29/02, and 4/22/02 entry: The 3.20 hours claimed for preparing the application for fees and costs, legal research, and the conference with Ms. Durbin shall be reduced to 2.00 hours. Plaintiffs have filed numerous motions for fees in these types of cases and have already done most, if not all of the research for same. Moreover, the Court recommends disallowing the one-half (½) hour claimed for reviewing the answer and affirmative defenses. Attorney Johnstone performed this same (or similar) task and therefore, the time expended on this task (as it relates to LAF) should not be recoverable. The Court also recommends disallowing the 0.10 hour claimed for preparing a mediation fax to counsel as this is a clerical task. See Webb, 967 F. Supp. at 324; see also Castle v. Bentsen, 872 F. Supp. 1062, 1067 (D.D.C. 1995) (declining to award fees for clerical tasks under 42 U.S.C. § 2000e-5(k)). Accordingly, the Court recommends awarding attorney Lawrence A. Fuller 18.20 hours.

Attorneys J. Fuller and M. Guariglia claim to have expended 5.50 hours and 0.60 hours, respectively. In reviewing the time entries and concluding that the hours claimed are reasonably

commensurate with the work performed, the Court recommends allowing the hours as claimed. Furthermore, attorney Johnstone claims to have spent 4.50 hours on this case. In reviewing the time entries, the Court recommends reducing slightly the entry on 2/1/02 because the amount claimed for the work is excessive. Therefore, the Court recommends awarding 4.00 hours to attorney Johnstone.

Accordingly, the Court recommends an attorneys' fee award of $7,909.

### III. Expert Fees and Litigation Costs

The ADA gives the Court statutory authority to use its discretion in awarding costs to the prevailing party. See 42 U.S.C. § 12205; see also Buckhannon, 532 U.S. at 624, n.1. Pursuant to § 12205, costs of litigation are recoverable by the prevailing party insofar as they are reasonable. In addition, the ADA provides plaintiffs with "[t]he powers, remedies, and procedures set forth in . . . 42 U.S.C. § 2000e-5." See 42 U.S.C. § 12217. Section 2000e-5(k) states that "[i]n any action or proceeding under this title, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorneys fee *(including expert fees)* as part of the costs." See id. § 2000e-5 (emphasis added); see also Hall v. Claussen, Nos. 98-1150, 98-1384, 2001 WL 219088 (10th Cir. March 6, 2001). Expert fees, moreover, are not limited by 28 U.S.C. §§ 1920 and 1821 in an ADA case. See Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002); see also Dowdell v. City of Apopka, 698 F.2d 1181, 1188-1189 (11th Cir. 1983) (stating that Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §§ 1920 and 1923(a) are inapplicable where cost-shifting is expressly authorized by statute). However, it is the burden of the prevailing party to submit a request for expenses that would enable the Court to determine what expenses were incurred and whether the prevailing party is entitled to them. Lee v. American Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000).

Plaintiffs request expert fees due to the involvement of A.D.A. Investigations, Inc. (Carol Durbin, President). Ms. Durbin has attended numerous ADA seminars and classes, primarily in the last two years. It is clear that she is an expert regarding the issues in this case. Ms. Durbin claims to have expended 15.50 hours inspecting Defendant's property and in follow-up activity related to the property's noncompliance with the ADA. Ms. Durbin charged Plaintiffs $150.00 per hour, for a total amount of $2,325.00.

Defendant contends, *inter alia*, that expert fees are not recoverable where the expert did not testify. In support of its argument, Defendant cites to George v. GTE Directories Corp., 114 F. Supp. 2d 1281 (M.D. Fla. 2000). Although it is true that the witnesses in George did not testify, the fees in George were disallowed because the witnesses appearances at trial were not reasonably necessary. The George court clearly stated, "a prevailing party may recover witness fees even for nontestifying witnesses if the party can show that a witness' attendance at trial was reasonably necessary." Id. at 1299. Here, there was no trial. Assuming, *arguendo*, a trial was held, the observations made and the reports written by Ms. Durbin were a crucial part of Plaintiffs' case and there can be little doubt that her attendance at trial would be reasonably necessary. Therefore, the Court finds that expert fees are recoverable under the ADA and it will now determine the recoverable amount.

In Varadero, the Court recommended that Ms. Durbin's services were recoverable at an hourly rate of $125.00. Upon consideration of all relevant evidence including the detailed record of Ms. Durbin's hours, the Court finds that an hourly rate of $125.00 is fair and the hours claimed are generally reasonable. However, one time entry is for "Verification of Property Identification and Owner, with Secretary of State ...." The same (or similar) work was done by attorney John Fuller on November 22, 2001. Therefore, the Court will deduct the one (1) hour claimed for this task.

Accordingly, the Court recommends expert fees in the amount of $1812.50.

Costs and expenses in this matter are claimed to be $633.12, which is comprised of filing fees, service of process, title search, reinspection fee, photocopies, and postage. Defendant challenges the compensability of these costs on the basis that they were not adequately documented and that the request submitted by Plaintiffs lacked sufficient detail as to how such costs were related to this action.

The Eleventh Circuit traditionally takes a liberal approach when reimbursing attorney expenses. Lee, 93 F. Supp. 2d at 1335; see also Dowdell, 698 F.2d at 1190, n.13; Mallory v. Harkness, 923 F. Supp. 1546, 1557 (S.D. Fla. 1996). However, as stated above, it is incumbent upon the prevailing party to demonstrate to the Court that the costs incurred are reasonable and that they are related to the instant action. Lee, 93 F. Supp. 2d at 1336. In Lee, the District Court disallowed costs for photocopies, telephone and fax charges because the entries relating to those charges were "wholly devoid of explanation." Id. at 1335-1336. Furthermore, the Eleventh Circuit has declined to tax costs where the entries lacked sufficient particularity that would allow the Court to determine the reasonableness of the costs. Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001); see also Cullens, 29 F.3d at 1494 (disallowing photocopying costs where plaintiffs did not present evidence regarding the documents copied including their use or intended use); Lang v. Reedy Creek Improvement Dist., Nos. 94-693-CIV-ORL-3-ABF(17), 95-956-CIV-ORL-3-ABF(17), 1997 WL 809200 (M.D. Fla. Dec. 23, 1997); Drury v. Pena, No. 95-848-CIV-J-21B, 1997 WL 718831 (M.D. Fla. Oct. 15, 1997) (telephone charges not taxed where the prevailing party failed to provide information about the calls to allow the court to determine the calls' reasonableness).

Here, the generalized cost entries submitted by Plaintiffs relating to the photocopying charges

provide no basis on which the Court can determine whether these costs were reasonable or whether these costs were related to this case. Therefore, the Court recommends disallowing the $40.95 claimed for the photocopies. The Court does recommend, however, allowing the costs claimed for filing fees, service fees, title search, reinspection fee, and postage in the amount of $592.17.

Accordingly, the Court recommends allowing expert fees in the amount of $1812.50 and costs and expenses in the amount of $592.17.

## RECOMMENDATION

Consistent with this report, the Court respectfully recommends awarding the following fees and costs:

1. Attorneys' Fees
   Lawrence A. Fuller $ 5,278.00
   John P. Fuller 1,375.00
   John V. Johnstone 1,160.00
   Mark Guariglia 96.00

        Total Attorneys' Fees      $    7,909.00

2. Expert Fees                     $    1,812.50

3. Costs                           $      592.17

        Total Recommended Award    $   10,313.67

Accordingly, the Court respectfully recommends that Plaintiffs' Verified Application for Attorneys' Fees and Costs be **GRANTED** in the sum of $10,313.67.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Adalberto Jordan, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

**DONE AND ORDERED** in chambers this 25th day of November, 2002, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: Honorable Adalberto Jordan
    Lawrence A. Fuller, Esq. - (305) 534-9894
    Michael J. Higer, Esq. - (305) 893-5511

12

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ACCESS FOR AMERICA, INC., a
Florida not for profit corporation, and
DOUG WILDER, Individually,

    Plaintiffs,

vs.

STEVEN J. WOLK, Individually;
STEPHEN WOLK as Trustee under the
Stephen Wolk Living Trust Dated the 18th
day of July, 1996; and HELEN J. WOLK,
as Trustee under the Helen J. Wolk Living
Trust dated the 18th day of July, 1996,

    Defendants and Third-Party
    Plaintiffs,

vs.

CONOCOPHILLIPS COMPANY,
a foreign corporation, SEAN MARKET-
ING, INC., a Georgia corporation,
KARIM M. ALI, SADAF ALI, THAO T.
CAO, HUNG PHUNG CAO, R.R.M.O.,
INC., a Florida corporation, RICKY
PEREZ, LISA ANN DE SALVO, FTF,
INC., a Florida corporation, HOKUSHIN,
INC., a Florida corporation, TAKASHI
HAYAKAWA, and JUNKO HAYAKAWA,

    Third-Party Defendants.

Case No. 6:02-CV-1204-ORL-19JGG

**STIPULATION**

IT IS STIPULATED by and between the plaintiffs in the above-captioned

action, ACCESS FOR AMERICA, INC. and DOUG WILDER, the defendants and

- 1 -



**EXHIBIT "E"**

81

third-party plaintiffs in this action, STEVEN J. WOLK, STEPHEN WOLK as Trustee under the Stephen Wolk Living Trust Dated the 18th day of July, 1996, and HELEN J. WOLK, as Trustee under the Helen J. Wolk Living Trust dated the 18th day of July, 1996, and third-party defendants SEAN MARKETING, INC., KARIM M. ALI, SADAF ALI, HOKUSHIN, INC., TAKASHI HAYAKAWA, and JUNKO HAYAKAWA (hereinafter, collectively, "the third-party defendants") as follows:

WHEREAS, the instant action is an action for injunctive relief brought under Title III of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* (hereinafter, "the ADA"), for alleged discrimination against the plaintiffs resulting from architectural barriers to the disabled in a shopping center property owned by the defendants and third-party plaintiffs located at 6905 – 6935 Municipal Drive, Orlando, FL 32819, and commonly known as "International Corner Plaza" (hereinafter, "the property"); and

WHEREAS, the plaintiffs, the defendants and third-party plaintiffs, and the third-party defendants wish to remove the issues no longer in controversy in the within action and to narrow the scope of the action to the issues remaining for resolution;

NOW THEREFORE, the said parties agree and stipulate as follows:

1. The property is presently in at least substantial compliance with the ADA, and no party will seek to introduce evidence of non-compliance of any physical condition on the property with the requirements of the ADA in any further proceeding in this action, including any further hearing herein as to the parties' entitlement to

attorney's fees, related legal expenses, and costs;

2. Defendants and third-party plaintiffs agree to maintain the property in at least substantial compliance with the ADA and to require their tenants in the property to maintain their leased premises in the property in at least substantial compliance with the ADA so long as the defendants and third-party plaintiffs shall own the property;

3. The third-party defendants in possession of the property agree to maintain their respective leased premises in the property in at least substantial compliance with the ADA so long as the third-party defendants shall remain in possession of such premises;.and

4. The parties agree that the issues of the plaintiffs' entitlement to recovery of their attorneys' fees, costs, and expert fees incurred herein, the amount, if any, of that recovery, and the claims, counterclaims, and defenses related to the third-party complaint shall remain to be resolved by the Court.

**Fuller, Fuller & Associates, P.A.**
*Attorneys for Plaintiffs* ACCESS FOR AMERICA, INC. and DOUG WILDER
12000 Biscayne Blvd., Suite 609
North Miami, Florida 33141
LFuller@FullerFuller.com
Tel: (305) 891-5199
Fax: (305) 893-9505

By: _____
Lawrence A. Fuller, Esq.
Florida Bar No. 180470
Dated: *April 7, 2004*

**Steven J. Wolk, Esq.**
*Attorney for Defendants/Third-Party Plaintiffs*
*STEVEN J. WOLK and HELEN J. WOLK*
857 Dover Road
Maitland, FL 32751-3121
Tel: (407) 339-2933
Fax: (407) 332-1986

By: _____
Steven J. Wolk, Esq.
Florida Bar No.: 0231932
Dated: **APR 07 2004**

**Holland & Knight, LLP**
*Attorneys for Third Party Defendants*
*HOKUSHIN, INC., TAKASHI HAYAKAWA*
*AND JUNKO HAYAKAWA*
200 S. Orange Avenue, Suite 2600
Orlando, Florida 32802-1526
jim.mccrae@hklaw.com
Tel.: (407) 425-8500
Fax.: (407) 244-5288

By: _~~Jim McCrae~~_

     Jim McCrae, Esq.
     Florida Bar No. 344346
Dated: _4-7-04_

**Law Offices of David S. Cohen, L.C.**
*Attorneys for Third Party Defendants*
*SEAN MARKETING, INC., KARIM ALI and*
*SADAF ALI*
5728 Major Boulevard, Suite 550
Orlando, FL 32819
DSCohenlaw@yahoo.com
Tel: (407) 354-3420
Fax: (407) 354-3840

By: _____

     David S. Cohen, Esq.
     Florida Bar No.: 0970638
Dated: _____.

- 4 -

**Holland & Knight, LLP**
*Attorneys for Third Party Defendants*
*HOKUSHIN, INC., TAKASHI HAYAKAWA*
*AND JUNKO HAYAKAWA*
200 S. Orange Avenue, Suite 2600
Orlando, Florida 32802-1526
jim.mccrae@hklaw.com
Tel.: (407) 425-8500
Fax.: (407) 244-5288

By:_____
      Jim McCrae, Esq.
      Florida Bar No. 344346
Dated:_____

**Law Offices of David S. Cohen, L.C.**
*Attorneys for Third Party Defendants*
*SEAN MARKETING, INC., KARIM ALI and*
*SADAF ALI*
5728 Major Boulevard, Suite 550
Orlando, FL 32819
DSCohenlaw@yahoo.com
Tel: (407) 354-3420
Fax: (407) 354-3840

By:_____
      David S. Cohen, Esq.
      Florida Bar No.: 0970638
Dated:  4-7-04